United States Court of Appeals,

Fifth Circuit.

No. 91–3021

Summary Calendar.

Steven L. EASLEY, Plaintiff–Appellant,

v.

SOUTHERN SHIPBUILDING CORPORATION, Defendant–Appellee.

July 7, 1992.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before JOHNSON, SMITH, and WIENER, Circuit Judges.

ON REMAND FROM THE UNITED STATES SUPREME COURT

WIENER, Circuit Judge:

This court previously affirmed the grant of a summary judgment by the district court for the

Eastern District of Louisiana, on facts set out in greater detail in our opinion.[1]  As a result of its

recent pronouncement regarding the status of seamen vis-à-vis longshoremen and harbor workers,

the Supreme Court vacated our decision in *Easley I,* remanding it for reconsideration in light of

*Southwest Marine, Inc. v. Gizoni.*[2]  We do so now.


I.

FACTS

Steven Easley was employed by Southern Shipyards for approximately twenty years.  At the

time of his accident, Easley was working as a mechanic.  His duties included repairing land-based

locomotive cranes, stationary cranes, and yard equipment;  cutting grass;  working in the compressor

room;  and maintaining Southern's dry dock.  Easley also worked occasionally as a substitute deck

hand aboard the D/B SOUTHERN NO. 6 (the NO. 6), a derrick barge owned by Southern and most

[1]*Easley v. Southern Shipbuilding Corp. (Easley I),* 936 F.2d 839 (1991).

[2]—— U.S. ——, 112 S.Ct. 486, 116 L.Ed.2d 405 (1991).

often used in salvage operations. Easley claims to have worked—and for purposes of this appeal we assume that he did work—eleven and a half percent of his time on the NO. 6. Easley was injured in May of 1989 while substituting for a regular crewman as a deck hand on the NO. 6 on a one-day salvage job on the Mississippi River.

Easley filed suit against Southern, alleging that he was a seaman and entitled to recover under the Jones Act[3] for injuries received as a result of Southern's negligence. In granting Southern's motion for summary judgment on the question of seaman status, the district court reasoned that as Easley did not perform a substantial part of his work on a vessel he was not eligible for seaman status. Easley then amended his complaint, claiming negligence under § 905(b) of the Longshore and Harbor Workers' Compensation Act (LHWCA).[4] The district court granted Southern's motion for summary judgment on the § 905(b) claim too, finding that Easley was a ship repairer, one of several classes of workers expressly excluded from coverage under § 905(b). We affirmed the district court, and Easley applied to the Supreme Court for a writ of certiorari. When the Court released its opinion in *Gizoni,* it granted Easley's writ and remanded the case to us for reconsideration consistent with that opinion.

II.

ANALYSIS

Our affirmation in *Easley I* of the district court's limitation on Easley's recovery followed two parallel lines of reasoning. One line involved the relationship between Easley's status under the LHWCA and his asserted status as a seaman under the Jones Act. The second line involved the relationship between Easley's regular job as a ship repairer and his desire to proceed with a negligence action against Southern under § 905(b) of the LHWCA. We discuss these two lines of reasoning below in inverse order to determine the effect of *Gizoni* on each.

---

[3]46 U.S.C.App. § 688 (1988).

[4]33 U.S.C. § 901 *et seq.* (1988).

A. *Analysis Unaffected by* Gizoni

Our second line of reasoning in *Easley I*—concerning the ability of a ship repairer to bring a negligence action under § 905(b) of the LHWCA—was unaffected by the *Gizoni* decision.  This court has stated in the context of the LHWCA that "[i]f the employee's permanent duties, or his interim duties over an appreciable period of time, are such that he would be a covered ship repairer within the meaning of § 902(3) of the LHWCA, then he is barred from bringing [a negligence] suit against his employer under § 905(b)."[5]  When, in a situation involving an employer who is the shipowner, there has been a primary determination that the worker is not a seaman for purposes of the Jones Act but that he is covered by the LHWCA, and a secondary determination that the worker's trade is that of ship repairer or any of the other occupations listed in § 905(b), the worker is barred by the terms of that section from maintaining a negligence action against his employer, assuming that "the injury was caused by the negligence of persons engaged in providing shipbuilding or repair services."[6]  This analysis remains correct;  it was not affected by *Gizoni.*

B. *Analysis Overruled by* Gizoni

By contrast, the *Gizoni* decision implicitly overruled this circuit's position on the inability of a worker whose job description is listed in § 902(3) of the LHWCA to claim Jones Act coverage as a seaman.  We had held, in *Pizzitolo v. Electro–Coal Transfer Corp.,*[7] that if a worker's occupation was one "expressly enumerated in the [LHWCA]" and the worker met the Act's situs requirement, no inquiry would be made into the worker's status as a seaman—thus, there could be no negligence action under the Jones Act.  The worker would be limited to compensation under the LHWCA

---

[5]*Gay v. Barge 266,* 915 F.2d 1007, 1010 (5th Cir.1990).  Section 2(3) of the LHWCA lists occupational titles that are "employees" under the Act.  Section 5(b) of the Act gives workers a negligence action against the owner of a vessel, but excludes classes of workers, one of which is ship repairers, if they are employed by the vessel and are injured by the negligence of someone similarly employed.

[6]33 U.S.C. § 905(b).

[7]812 F.2d 977, 983 (5th Cir.), *reh'g denied,* 823 F.2d 552 (1987), *cert. denied,* 484 U.S. 1059, 108 S.Ct. 1013, 98 L.Ed.2d 978 (1988).

because, as discussed earlier, these workers cannot bring a negligence action under § 905(b).

When, in *Gizoni,* the Supreme Court held that a worker whose occupation was listed in § 902(3) was not automatically barred from claiming coverage under the Jones Act, it overruled *Pizzitolo.* The district court in *Gizoni* had granted summary judgment because "Gizoni was a harbor worker precluded from bringing his action by the exclusive remedy provisions of the LHWCA, 33 U.S.C. § 905(a)."[8] The Supreme Court stated that the district court's holding, though "in line with Fifth Circuit precedent, ... ignores the fact that some maritime workers may be Jones Act seaman performing a job specifically enumerated under the LHWCA." The Court stated further that " "[i]t is not the employee's particular job that is determinative, but the employee's connection to a vessel.' "[9]

C. *Easley's Status*

The *Gizoni* decision nullifies the facet of our *Easley I* analysis which held that because Easley's position was one listed in § 902(3) of the LHWCA, he could not be covered by the Jones Act. *Gizoni* does not, however, foreclose the ability of the district court to grant summary judgment regarding seaman status for workers whose jobs, like Easley's, are thus listed, when undisputed facts (other than such a listing) support such a judgment. *Gizoni* relies extensively on *McDermott International, Inc. v. Wilander,*[10] in which the Supreme Court stated that, although the jury is to find the facts and apply the legal standard of seaman status to the facts thus found, the trial court "must not abdicate its duty to determine if there is a reasonable basis to support" a jury's conclusion that seaman status existed.[11] The *Wilander* Court continued, "summary judgment or a directed verdict

---

[8]112 S.Ct. at 490 (citing App. to Pet. for Cert. I–2).

[9]*Id.* at 492 (quoting *McDermott Int'l, Inc. v. Wilander,* —— U.S. ——, 111 S.Ct. 807, 818, 112 L.Ed.2d 866 (1991)).

[10]111 S.Ct. at 818.

[11]*Id.*

is mandated where the facts and the law will reasonably support only one conclusion."[12] Thus, after *Gizoni,* the question for this court in our plenary review of a grant of summary judgment on the issue of seaman status—ultimately an issue of fact—is whether application of the legal standard set out in *Wilander*[13] to the undisputed historical facts of the case under consideration makes summary judgment for the defendant proper because the law will not reasonably support another conclusion.

The *Wilander* Court declared that the key to the issue of "seaman status is *employment-related connection to a vessel in navigation.*"[14] To grant summary judgment for the defendant, a court must determine that there is no reasonable basis in fact to support a jury verdict that the plaintiff's connection to the vessel in question is sufficient to bestow seaman status.[15]

Although the Court did not precisely define the boundaries of the seaman status, it held that "a necessary element of the connection is that a seaman perform the work of the vessel."[16] The Court also quoted *Maryland Casualty Co. v. Lawson,* stating " "[t]here is implied a definite and permanent connection with the vessel, an obligation to forward her enterprise.' "[17] In the instant case, the district court held as a matter of law that Easley could not be a seaman. For the purposes of its consideration, the court assumed the truth of Easley's allegation that he worked eleven and a half percent of his time on the NO. 6 and spent his remaining time performing his primary responsibilities of land-based work. On that basis the court held that, as Easley failed to perform a "substantial part

---

[12]*Id.* at 818 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 250–51, 106 S.Ct. 2505, 2510, 2511–12, 91 L.Ed.2d 202 (1986)).

[13]The district court granted summary judgment regarding seaman status four months before *Wilander* was decided.

[14]111 S.Ct. at 817 (emphasis added).

[15]*Id.* at 818.

[16]*Id.*

[17]*Id.* at 817 (quoting *Lawson,* 94 F.2d 190, 192 (5th Cir.1938)).

of his work on a vessel," he was not a seaman as a matter of law.[18]

This court reviews the grant of summary judgment *de novo,* using the same criteria relied on by the district court in the first instance.[19] For the purposes of the case *sub judice,* we must decide whether, as a matter of law, summary judgment is proper when a permanently assigned land-based worker nevertheless works eleven and a half percent of his employment time on one of his employer's vessels, performing traditional seaman duties.

For purposes of this inquiry, it is important to note that just as the worker's performance of non-maritime work does not prohibit seaman status, his performance of traditional maritime work does not confer seaman status. Based on the summary judgment evidence in the record of this case, viewed in the light most favorable to the non-movant, we find that as to the NO. 6 Easley did not have the "employment-related connection to a vessel in navigation" required by *Wilander,* and therefore could not be deemed a seaman for purposes of coverage under the Jones Act. Irrespective of the traditional maritime nature of Easley's work on the occasions when he was aboard the NO. 6, the irregularity of his intermittent stints of short duration on that vessel, sporadically interspersed between long periods of performing his regular land-based functions, eschews the substantial and enduring relationship to the vessel envisioned in *Gizoni, Wilander,* and *Lawson.* Easley's connection to the NO. 6 was simply too attenuated to constitute seaman status.

To understand fully the concept of "employment-related connection to a vessel in navigation," we look to this circuit's traditional definition of a Jones Act seaman announced decades ago in *Offshore Co. v. Robison.*[20] To be covered as a seaman under the Jones Act, a worker must:

---

[18]*See Barrett v. Chevron, U.S.A., Inc.,* 781 F.2d 1067, 1074 (5th Cir.1986) (en banc).

[19]*Walker v. Sears Roebuck & Co.,* 853 F.2d 355, 358 (5th Cir.1988).

[20]266 F.2d 769 (5th Cir.1959), *cited approvingly in Wilander,* 111 S.Ct. at 817; *see also Lawson,* 94 F.2d at 192.

(1) be permanently assigned to a vessel in navigation *or* perform a substantial part of his work on the vessel; and (2) contribute to the mission of the vessel. Easley was not permanently assigned to the NO. 6; he was a land-based employee. Neither did he perform a substantial part of his work on the vessel. Clearly neither *Robison* nor *Wilander* and *Gizoni* envision a "snapshot" test for seaman status, inspecting only the situation as it exists at the instant of injury; a much more enduring relationship is contemplated in the jurisprudence. At least three cases in this circuit involved workers who spent greater percentages of their employment time on vessels than did Easley, yet the worker in each case was held not to be seaman as a matter of law.[21] We do not imply that the quantum or percentage of a worker's time spent on a vessel in navigation is either the sole factor or the determinative factor in the search for seaman status. But considering this circuit's consistent precedent, it is impossible for us to conclude that Easley, who spent at most eleven and a half percent of his time on a vessel, was a seaman for purposes of the Jones Act, particularly when viewed in light of other factors affecting his connection with the subject vessel.

## III.

## CONCLUSION

Upon revisiting this appeal as instructed by the Supreme Court on remand following the Court's *Gizoni* decision, we still find no reversible error in the district court's summary judgment to the extent that it held that Easley was not a Jones Act seaman. Consequently, the holding of the district court that Easley is not entitled to bring a negligence action either as a seaman under the Jones Act or as a shipbuilder under § 905(b) of the LHWCA is AFFIRMED.

---

[21]*See Palmer v. Fayard Moving & Transp. Corp.,* 930 F.2d 437, 439 (5th Cir.1991) (holding, after the *Wilander* decision, that a worker who spent nineteen percent of her time aboard a vessel was not covered by the Jones Act as a matter of law); *Barrett,* 781 F.2d at 1074–75 (en banc) (holding a worker "who performed no more than twenty to thirty percent of his work on vessels" not to be a seaman); *Ward v. Reeled Tubing, Inc.,* 637 F.Supp. 33, 37–38 (E.D.La.1986) (holding worker who spent twenty percent of his time on vessels was not a seaman).