635 So.2d 686 (1994)
Stanley PATTERSON
v.
WEBER MARINE AND FIREMAN'S FUND INSURANCE CO.
No. 92 CA 0729R.
Court of Appeal of Louisiana, First Circuit.
April 8, 1994.
Paul Galuszka, New Orleans, for plaintiff-appellant.
Leon Aucoin, Metairie, for defendant-appellee.
Before LOTTINGER, C.J., and CRAIN and LeBLANC, JJ.
CRAIN, Judge.
This matter is before us on remand from the Louisiana Supreme Court, after a reversal of this Court's judgment affirming the district court's grant of summary judgment on the basis of prescription. Patterson v. Weber Marine and Fireman's Fund Insurance Co., 92 CA 0729, 621 So.2d 216 (La.App. 1st Cir. 5/28/93), reversed and remanded, 93 C 1764, 630 So.2d 687 (La. 11/5/93). We now reverse the district court judgment and remand this case for further proceedings consistent herewith.
On remand, two issues remain for our consideration: (1) Whether the trial court erred in granting summary judgment on the issue *687 of "seaman status" under the Jones Act (46 U.S.C.App. § 688) and, (2) Whether the trial court erred in granting summary judgment on the issue of the defendant's status as a pro hac vice owner of the vessel. LHWCA, 33 U.S.C. § 902(21) and 905(b). Since we find defendants have failed, in the motion for summary judgement filed, to meet the burden of negating "seaman" status under the Jones Act, we do not address the alternative issue of whether defendants were plaintiff's pro hac vice employer.
Plaintiff Stanley Patterson was injured on April 6, 1985, when as an employee of Weber Marine he was engaged in the loading and unloading of pallets aboard a vessel in the river. At the time, cargo was being transported from the M/V Lady Fortune to various barges, (VL81269, DM1852 and ML132). The plaintiff amputated his small toe when a pallet board broke and fell on his right foot.
On April 6, 1987, plaintiff filed a petition for damages alleging the negligence of his employer Weber Marine. On July 1, 1988, defendants filed a Request for Admissions, Interrogatories and Request for Production of Documents.
On July 26, 1988, plaintiff responded to the Request for Admissions wherein he admitted that he had made a claim against defendants for compensation benefits under the Longshoreman and Harbor Workers' Compensation Act. In Answers to Interrogatories, filed June 26, 1988, plaintiff stated that he "was loading the pal[l]et in the Barge" when the accident occurred.
On October 16, 1991, defendants sought summary judgment on the basis that plaintiff's exclusive remedy was for compensation benefits under the Longshoreman and Harbor Workers' Compensation Act. 33 U.S.C. § 905(a). Additionally, defendants allege that they are not plaintiff's pro hac vice employer, under Section 905(b) of the Act. 33 U.S.C. § 905(b). Finally, defendants contend the action has prescribed.[1]
In support of their motion and memorandum seeking judgment, defendants offer affidavits of two employees of Weber Marine: Marjorie Weber, the company's administrative manager, and Robert Brock, the company's dispatcher.
In her affidavit, Ms Weber attested, of her own personal knowledge, to the following pertinent facts regarding Patterson's alleged "seaman status":
* * * * * *
3. That on or about April 6, 1985, Stanley Patterson was employed as a longshoreman for Weber Marine, Inc.
4. That on or about April 6, 1985, Stanley Patterson and other employees of Weber Marine, Inc. were assigned to assist in longshoring operations wherein cargo was being transported from the M/V LADY FORTUNE to and from various barges which included VL 81269, DM 1852, ML 132.
5. That while conducting said longshoring operations, Stanley Patterson allegedly sustained an accident and has been provided with benefits under the Longshore and Harbor Workers' Compensation Act.
* * * * * *
8. That during his employment with Weber Marine, Inc., Stanley Patterson was never assigned to a vessel owned or operated by Weber Marine, Inc. and that his entire employment consisted of his participation in longshoring operations; ....
* * * * * *
The affidavit of Robert Brock also contained statements from his own personal knowledge concerning this incident and the plaintiff's alleged "seaman status":
* * * * * *
2. That on or about April 6, 1985, he was the foreman of a longshoring crew providing longshoring services to lighter carg[e] between the M/V LADY FORTUNE and several barges which included VL 81269, DM 1852, ML 132;
3. That Stanley Patterson was a Weber Marine, Inc., employee assigned as a longshoreman *688 to assist in the aforesaid lightering operations.
4. That the accident which forms the basis of Stanley Patterson's lawsuit occurred while Stanl[e]y Patterson was assisting in the aforesaid lightering operations and his capacity as a longshoreman for Weber Marine, Inc.
* * * * * *
No opposition to the motion for summary judgment was filed. A rule setting the motion for hearing was filed October 16, 1991, and the matter was heard, without opposition, on December 17, 1991. The district court granted the defendants' motion for summary judgment on December 30, 1991.
Plaintiff, on December 23, 1991, filed a motion for a new trial which was opposed by defendants. On February 3, 1992, the motion for a new trial was denied. This devolutive appeal, filed March 11, 1992, followed.

Summary Judgment
Plaintiff contends that material issues of fact exists and hence, summary judgment is improper.
In Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980) the Louisiana Supreme Court discussed the necessary requirements for the grant of a motion for summary judgment. In Sanders, supra, at 774-775, the court stated:

* * * * * *
C.C.P. 967 provides in pertinent part: `When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.'
The 1966 Comment to C.C.P. 966 states that article 966 and article 967 were amended to accord with 1963 amendments to Rule 56 of the Federal Rules of Civil Procedure. The Notes of Advisory Committee on 1963 Amendment, Subdivision (e), the source provision of C.C.P. 967, observe, with respect to this question, that where `the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented'. U.S.C. [sec]28, Federal Rules of Civil Procedure Rule 56. It is for this reason that article 967 provides that in the absence of a sufficient response, summary judgment shall be rendered `if appropriate.' On motion for summary judgment the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleading.
In deciding whether all material issues have in fact been disposed of, any doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits. Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Employers' Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978).
It is generally recognized that ultimate facts and conclusions of law contained in supporting affidavits are not to be considered in granting motions for summary judgment. Katz v. Innovator of America, Inc., 552 So.2d 724 (La.App. 1st Cir.1989).

"Seaman Status"
Plaintiff contends he performed a substantial part of his work on the vessels in navigable waters and his duties contributed to the function of the vessel or the accomplishment of its mission, namely the transportation of cargo. As such, he argues that it was error for the district court to grant summary judgment, since genuine issues of material fact exists as to "seaman status" because the nature of the vessel involved and this employee's precise relation to the vessel have not been established.
In the United States Supreme Court case of Southwest Marine Inc. v. Gizoni, ___ U.S. *689 ___, 112 S.Ct. 486, 116 L.Ed.2d 405 (1991), the court considered the question of whether a maritime worker whose occupation is one of those enumerated in the Longshoreman and Harbor Workers' Compensation Act (LHWCA, 33 U.S.C. § 901, et seq.) may yet be a "seaman" within the meaning of the Jones Act (46 U.S.C. § 688). The court answered this inquiry affirmatively. The court reasoned that although there is an exclusivity provision in the Longshoreman and Harbor Workers Compensation Act, the language of the statute clearly indicates that the term "employee" under the statute does not include "a master or member of a crew of any vessel." Further, the court in Southwest, id. at ___, 112 S.Ct. at 492, stated
... [s]ome maritime workers may be Jones Act seamen performing a job enumerated under the LHWCA. By its terms the LHWCA preserves the Jones Act remedy for vessel crewman, even if they are employed by a shipyard. A maritime worker is limited to LHWCA remedies only if no genuine issue of fact exists as to whether the worker was a seaman under the Jones Act. (Emphasis Added)
In Southwest Marine, id. at ___, 112 S.Ct. at 493, the court also found that a universal acceptance of benefits under the LHWCA does not preclude plaintiff from pursuit of a Jones Act claim.
This decision effectively overruled the holding in Pizzitola v. Electro-Coal Transfer Corp., 812 F.2d 977, (U.S.App. 5th Cir.1987), cert. den. 484 U.S. 1059, 108 S.Ct. 1013, 98 L.Ed.2d 978 (1988). See: Easley v. Southern Shipbuilding Corp., 965 F.2d 1 (U.S.App. 5th Cir.1992).
The key to the issue of "seaman status" is the "employment-related connection to a vessel in navigation." McDermott International, Inc. v. Wilander, 498 U.S. 337, 111 S.Ct. 807, 112 L.Ed.2d 866, (1991). In order to qualify as a "seaman" under the Jones Act, an injured workman must be permanently assigned to a vessel or perform a substantial part of his work on the vessel; and the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission or the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips. Wilander, id. citing Offshore Co. v. Robison, 266 F.2d 769 (U.S.App. 5th Cir.1959); Easley v. Southern Shipbuilding Corp, supra.
The employer need not own the vessel, nor fleet of vessels in order for the employee to qualify as a "seaman" under the Jones Act. Coats v. Penrod Drilling Corp. 5 F.3d 877 (5th Cir.1993). In this case the motion for summary judgment and supporting documents fail to preclude the plaintiff's "seaman status" under the Jones Act. In particular, it does not negate the issues of whether Mr. Patterson was permanently assigned to a vessel (or fleet of vessels); whether he performed a substantial part of his work on the vessel (or fleet of vessels); and whether the duties he performed contributed to the function of the vessel(s) or to the accomplishment of their mission, or to the operation or welfare of the vessels in terms of its maintenance during its movement or during anchorage for its future trips. In short, defendants have failed to negate the Robison test for "seaman status". Offshore v. Robison, supra. The conclusionary statements by the affiants that plaintiff was a longshoreman are not considered. The legal issue before the court is whether plaintiff is a longshoreman or seaman. This is a matter to be decided by the judge based on the facts presented.
The evidentiary matters in support of the motion for summary judgment, therefore, do not establish the absence of these genuine issues of material fact, and for this reason, it was error to grant defendant's motion for summary judgment.
For these reasons, the district court's grant of defendant's motion for summary judgment is reversed at defendants' costs and this case is remanded to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] This issue has since been resolved and was the subject of our prior opinion. Patterson v. Weber Marine, supra.