**Benny Lee WHITE**

v.

**AMERICAN COMMERCIAL MARINE SERVICE CO., INC., and McKinney Towing Co., Inc.**

**Civ. A. No. 94–1913.**

United States District Court, E.D. Louisiana.

Jan. 9, 1995.

---

**11.** *See also, Clark v. Milam,* 847 F.Supp. 409, 418–19 (S.D.W.Va.1994) (Haden, C.J.).

Stephen Barnett Murray, Charles Raymond Ward, Jr., Murray Law Firm, New Orleans, LA, for plaintiff.

Wayne G. Zeringue, Jr., S. Michele Ray, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for American Commercial Marine Service Co., Inc.

Richard O. Kingrea, Adams & Reese, Baton Rouge, LA, for McKinney Towing Co., Inc.

## ORDER AND REASONS

JONES, District Judge.

This matter came before the Court for hearing on a "Motion for Summary Judgment on Behalf of American Commercial Marine Service Co., Inc."[1] Following oral argument, the Court took the matter under advisement. Having reviewed the memoranda and argument of the parties, the record and the applicable law, the Court grants the motion for summary judgment for the following reasons.

## BACKGROUND

Plaintiff initially filed suit against American Commercial Marine Service Co., Inc. (hereinafter "ACMS") and McKinney Towing Co., Inc., in 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Defendants removed the lawsuit to this court, and plaintiff subsequently dismissed McKinney Towing without prejudice.

In his petition, plaintiff alleged that ACMS was liable pursuant to 33 U.S.C. § 905(b). Plaintiff also alleged that while he was employed as a welder/fitter for Louisiana Dock Company, a division of ACMS, he was welding a barge while standing on a ladder in dry dock # 9 of the Louisiana Dock Company shipyard. At that time, according to plaintiff's complaint, a vessel named the "M/V Cole" collided with the dry dock, knocking plaintiff from the ladder and injuring him.

ACMS admits in the present motion that it owned the vessel at issue, the M/V Colt,[2] and that its employees were operating this vessel at the time of the alleged accident. (Document 9.) Nevertheless, ACMS argues that the plain language of § 905(b) bars plaintiff from bringing this action because plaintiff is a ship repairer.

In response to ACMS's statement of uncontested material facts, plaintiff admits that he was a welder involved in barge repair work and that he was repairing a barge in a Louisiana Dock Company dry dock at the time of the alleged accident. (Document 12.) Plaintiff also admits that he performed repair work on boats, that he performed the duties of a shipfitter and that he was "a repairman."[3]

---

1. The motion for summary judgment was initially set for hearing on November 23, 1994. When defense counsel failed to appear for oral argument, the motion was denied. (Document 15.) American Commercial Marine Service Co. then filed an unopposed motion for reconsideration to reset the motion for summary judgment for hearing on December 21, 1994, which the Court granted. (Document 16.)

2. This is apparently the correct name of the vessel.

3. Plaintiff's only limitation on these admissions is that the injuries he received were caused by the "negligent navigation and control of the crew of the M/V Cole and thus the cause of the injury was completely separate and distinct from the work, workplace and fellow workers of the plaintiff." As will be seen, this limitation is of no moment under § 905(b) as amended.

In opposition to defendant's motion, plaintiff relies on the following language in *Easley v. Southern Shipbuilding Corp.*, 965 F.2d 1, 3 (5th Cir.1992) (hereinafter *"Easley II"*):

When ... there has been a ... determination that the worker's trade is that of a ship repairer or any other occupations listed in § 905(b), the worker is barred by the terms of that section from maintaining a negligence action against his employer, *assuming that "the injury was caused by the negligence of persons engaged in providing shipbuilding or repair services."* (Citing 33 U.S.C. § 905(b)). (Emphasis added.)

Plaintiff argues that the crew operating the vessel which struck the dry dock was not engaged in shipbuilding or repair services and, thus, he has a cause of action against ACMS.

## LAW AND APPLICATION

The foregoing language in *Easley II* seems to conflict directly with the language of § 905(b) as amended in 1984. A brief review of Congressional action in regard to § 905(b) and the history of *Easley* resolves any conflict.

Prior to its 1984 amendment, § 905(b) stated in pertinent part:

In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person ... may bring an action against such vessel as a third party.... If such person was employed by the vessel to provide shipbuilding or repair services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing shipbuilding or repair services to the vessel.

In 1984, Congress specifically amended § 905(b) in regard to third-party actions brought by ship builders and repairers. Section 905(b), as amended in 1984, states, in pertinent part:

In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person ... may bring an action against such vessel as a third party.... If such person was employed to provide shipbuilding, repairing, or breaking services and such person's employer was the owner, owner pro hac vice, agent, operator, or charterer of the vessel, no such action shall be permitted, in whole or in part or directly or indirectly, against the injured person's employer (in any capacity, including as the vessel's owner, owner pro hac vice, agent, operator, or charterer)....

The 1984 amendment to § 905(b) removed the exception under which ship repairers could sue their employers as vessel owners, *i.e.*, when the injury was caused by persons other than those engaged in shipbuilding or repair services. *See Ducrepont v. Baton Rouge Marine Enterprises, Inc.*, 666 F.Supp. 882, 884–887 (E.D.La.1987) (Feldman, J.), *aff'd on other grounds*, 877 F.2d 393 (5th Cir.1989) (discussing purpose of 1984 amendments).

The next question is how to reconcile the language in *Easley II* relied on by plaintiff with § 905(b) as amended in 1984. Steven Easley was injured in May 1989, well after the 1984 amendment. *Easley v. Southern Shipbuilding Corp.*, 936 F.2d 839, 841 (5th Cir.1991) (hereinafter *"Easley I"*). In *Easley I* the Fifth Circuit affirmed the grant of summary judgment by the district court that the plaintiff was a "shipbuilder or ship repairman" who could not maintain an action for negligence against his employer or the vessel. *Id.* at 845. In the course of its decision, the Fifth Circuit stated:

Section [905(b)] provides that a worker covered by the [Longshoremen and Harbor Workers' Compensation Act] may also sue a vessel if his injury was caused by the vessel's negligence. However, a person employed to provide shipbuilding, ship repairing, or shipbreaking services cannot proceed against his employer "in whole or in part or directly or indirectly" if the employer was "the vessel's owner, owner pro hac vice, agent, operator, or charterer."

*Id.* at 843, quoting § 905(b).

The Supreme Court vacated *Easley I* and remanded it for reconsideration in light of *Southwest Marine, Inc. v. Gizoni*, 502 U.S.

81, 112 S.Ct. 486, 116 L.Ed.2d 405 (1991). *Easley v. Southern Shipbuilding Corporation,* — U.S. —, 112 S.Ct. 1463, 117 L.Ed.2d 610 (1992).

On remand, the Fifth Circuit held that its analysis in *Easley I* concerning the ability of a ship repairer to bring a negligence action under § 905(b) "was unaffected by the *Gizoni* decision." *Easley II,* 965 F.2d at 3. However, the court of appeals also penned the language relied on by plaintiff in this matter as well as the following language in a footnote: "Section 5(b) of the Act gives workers a negligence action against the owner of a vessel, but excludes classes of workers, one of which is ship repairers, if they are employed by the vessel *and are injured by the negligence of someone similarly employed." Id.,* n. 5 (emphasis added).

At first glance, this language appears to be in plaintiff's favor under the facts of this case, where a vessel operated by ACMS employees not similarly employed as plaintiff struck the dry dock on which plaintiff was working. However, the *Easley II* court found that the Supreme Court's decision in *Gizoni* did not affect *Easley I.* Thus, this Court finds that the language at issue in *Easley II* is dicta and has no binding effect on this Court.

Additionally, any different reading of *Easley II* would place that decision in direct conflict with § 905(b)'s precise terms as well as analysis of § 905(b) in other Fifth Circuit cases. *See, e.g., Gay v. Barge 266 et al,* 915 F.2d 1007, 1010 (5th Cir.1990). The Court finds that the court of appeals could not have intended such a result.

Therefore, in accord with § 905(b) and *Easley I,* the Court finds that plaintiff as a ship repairer is barred from bringing any action against ACMS, his employer, as vessel owner.

Accordingly,

**IT IS ORDERED** that the "Motion for Summary Judgment on Behalf of American Commercial Marine Service Co., Inc.," **BE** and **IS HEREBY GRANTED.**