785 So.2d 502 (1999)
Ulrick PLASIR, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-1128.
District Court of Appeal of Florida, Third District.
June 23, 1999.
*503 Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Christine E. Zahralban, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
Defendant appeals from a judgment of conviction and sentence for trafficking in cocaine. For the following reasons, we reverse.
During voir dire, a potential juror was asked if it would "bother him" if the defendant did not testify. The venire member responded: "I really can't say. It would depend on what the rest of the evidence was and if I came to the end and there was a question that I know that only the defendant could answer and he hasn't testified, then it could have some impact." Defense counsel then asked the potential juror whether there was a possibility that "you are going to be back there saying I wish Mr. Plaisir had straightened this out for me?" The potential juror stated that it was "possible". The trial court intervened and recited the instruction regarding a defendant's choice not to testify. When the court asked if he could follow that instruction, the venire member responded "I could follow that instruction." The court then asked "You think you can?" and he answered "Yes."[1]
The defense challenged the venire member for cause; the court rejected the challenge. The defense then exercised a peremptory challenge to strike the objectionable venire member. After exhausting its remaining peremptory challenges and being denied any additional challenges, a juror to whom the defense objected served on the jury.
We reverse. The trial court erred in denying the for-cause challenge of the juror whose responses are quoted above. Those responses were "not reflective of a final, neutral, and detached determination to sit as a fair and impartial juror." Price v. State, 538 So.2d 486, 489 (Fla. 3d DCA 1989); see also Brown v. State, 728 So.2d 758, 759 (Fla. 3d DCA 1999) (holding that prospective juror's response of "Yeah, I think so" when asked whether he would be able to follow trial court's instructions was equivocal, and raised reasonable doubt as to whether he could serve as fair and impartial juror); Coggins v. State, 677 So.2d 926 (Fla. 3d DCA 1996).
Reversed and remanded for a new trial.
NOTES
[1] We note that "[I]t is not defense counsel's obligation to rehabilitate a juror who has responded to questions in a manner that would sustain a challenge for cause. The appropriate procedure ... is for either the prosecutor or the judge to make sure the prospective juror can be an impartial member of the jury." Bryant v. State, 601 So.2d 529, 532 (Fla.1992).