COPE, J.
Andre Terrell Bartee appeals his convictions for first degree murder and grand theft of an automobile. The State cross-appeals the dismissal of the charge of burglary of an occupied vehicle. We affirm on the appeal and reverse on the cross-appeal.
I.
Defendant-appellant Bartee requests a new trial, claiming errors in jury selection.
The defendant argues that his challenge for cause against prospective Juror Lohr should have been granted. The voir dire cited by the defense is as follows:
DEFENSE: Mrs. Santos, a person is accused of murder.
What should they do to defend themselves, for you?
SANTOS: Get a good lawyer.
DEFENSE: Okay. Well, he already got that far. Okay.
No, what do you think that he should be doing in the courtroom, should they be doing something to defend?
SANTOS: The person themselves?
DEFENSE: Yes.
SANTOS: No, no. I mean, I think at that point, they depend on the lawyer.
DEFENSE: Mrs. Lohr, what do you think?
MRS. LOHR: Same.
DEFENSE: You don’t think they should be doing anything specifically in a courtroom?
Like, for example, you think that the person accused of a murder should bring in witnesses to testify, for you. Do they have to do that?
MRS. LOHR: Yeah, sure.
DEFENSE: They have to?
MRS. LOHR: Yes.
DEFENSE: Okay, And what about testifying on the witness stand. Do they have to do that if they are accused of murder?
MRS. LOHR: If they choose to.
COURT: Okay. Do you understand that the defense doesn’t have to call any witnesses, the defendant doesn’t have to testify.
It’s up to the state to prove this case. The entire burden rests on them.
Now, what you may want is not precisely what you will end up getting.
What you need to make sure is that you can keep an open mind, that you give the Defendant a fair trial, that you listen to the facts and listen to the law.
The law basically says, the state has the entire burden, the defendant doesn’t have to prove anything, the defendant doesn’t have to disprove anything.
The defendant doesn’t have to testify. Will anyone hold it, by a show of hands, against Mr. Bartee, if the defense doesn’t call any witnesses, if the defendant doesn’t testify, will anyone hold it against him. By a show of hands, no hands have been raised.
Tr. 111-12 (emphasis added).
In our view, the curative instruction given here was sufficient. The defense argues that a contrary result is dictated by this court’s position in Plasir v. State, 785 *14 So.2d 502 (Fla. 3d DCA 1999), but that case is distinguishable. There a prospective juror expressed some reservations if the defendant chose not to testify, in response to which the trial court gave a more abbreviated curative instruction than that involved here.[1]
The main problem in the Plasir case was the equivocal response of the juror, who indicated “I could follow that instruction.” 785 So.2d at 503. “The court then asked You think you can?’ and he answered Yes.’ ” Id. (footnote omitted). The Plasir panel took the view that “could follow” and “think you can” both amount to equivocal responses and that absent a more definitive response, the challenge for cause should have been allowed. See also Kelly v. State, 689 So.2d 1262, 1263 (Fla. 3d DCA 1997).
In the present case the curative instruction was much more thorough, and the venire was asked point blank whether anyone would hold it against the defendant if the defense did not call any witnesses, or if the defendant does not testify. If this curative instruction is not sufficient, then it is difficult to imagine any instruction to the prospective jurors which would be. We conclude that the challenge to the prospective juror was properly denied. See Cook v. State, 542 So.2d 964, 969 (Fla.1989); Mills v. State, 462 So.2d 1075, 1079 (Fla.1985).
The defense argues that the challenge for cause against prospective Juror Welch should have been granted. The relevant voir dire is the following:
DEFENSE: Who here feels that it would be difficult for them to sit through a trial seeing photographs of somebody that has been killed. Okay. And I believe it’s Mrs. Polk.
POLK: Yes.
DEFENSE: Okay. And Mrs. Morillo. Mrs. Polk also raised her hand. Okay. Anyone else. Okay. Mrs. Esco-bar, okay, and now, would you have trouble, ma’am, Mrs. Welch, if you had to look at something like that?
WELCH: Yeah.
Tr. 133. There was no further questioning of Mrs. Welch by anyone on this issue. Subsequently, the defense effort to strike Mrs. Welch for cause was denied.
The above questioning is insufficient to raise an issue regarding Juror Welch. The relevant question is whether “the viewing of graphic autopsy photographs would have an adverse effect on the ability to be fair and impartial.” King v. State, 790 So.2d 1253, 1255 (Fla. 5th DCA 2001). Many prospective jurors would undoubtedly prefer to avoid viewing autopsy photos or, for that matter, serving on the jury. Here the question and answer do not sufficiently raise an issue which would warrant a challenge for cause.
II.
The State argues that the trial court erred by dismissing count two of the indictment, burglary of a conveyance, after the jury had reached a verdict of guilty on this count. The trial court reasoned that the burglary count duplicated count three, which was grand theft of an automobile.
The State’s point is well taken. Burglary of an automobile and theft of the same automobile are two different offenses. State v. Stephens, 601 So.2d 1195, 1196-97 *15 (Fla.1992); see also § 775.021(4), Fla. Stat. (1997). We therefore reverse the dismissal order and remand with directions to enter judgment and impose sentence on count two.
The defense argues that the State did not sufficiently preserve this point for appeal. The defense argues that the State’s objection was too perfunctory. Under the circumstances of this case, we disagree. This particular issue had been argued to the court at the time of the motions for judgment of acquittal. The court reserved ruling. Upon receiving the verdict, the judge adjudicated the defendant guilty of counts one and three, but announced the dismissal of count two. Although the State again objected for the record, no objection or argument was needed to preserve the issue at that point. The arguments had already been made; the court simply announced its ruling on the reserved issue.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

. Although not set forth in the opinion, the instruction was apparently the following excerpt from the standard jury instruction regarding a defendant not testifying:
The constitution requires the State to prove its accusations against the defendant.
It is not necessary for the defendant to disprove anything. Nor is the defendant required to prove [his][her] innocence. It is up to the State to prove the defendant's guilt by evidence.
Fla. Std. Jur. Instr. (Crim.) 2.04(d).