|.EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Industrial Erection & Maintenance, Inc. (IMC), plaintiff-appellant, from a judgment sustaining peremptory exceptions of prescription and no cause of action urged by Hibernia National Bank, defendant-appellee, and dismissing the bank from the action. For the following reasons we affirm the judgment sustaining the exception of no cause of action and dismissing the Hibernia from the action with prejudice. Because of that determination the exception of prescription is thus rendered moot and need not be addressed further.
The allegations set forth in the petition are as follows. IEM ordered ten custom roll-up doors from Julius Lipps Door & Glass Co., LLC (JLDG), and made a December 13, 2001, deposit of $13,728.54 on the $33,000 contract price. The funds were deposited in one or both of JLDG’s business accounts with Hibernia National Bank. On April 11, 2002, JLDG filed a petition to dissolve and liquidate, and on April 15, 2002, Hibernia filed a concursus proceeding in which it claimed a |sline of credit indebtedness secured by both of JLDG’s accounts. During these proceedings Hibernia recovered the amounts owed to it by JLDG, and placed the remaining funds in the registry of the court. Plaintiff further alleges that the funds in the registry were turned over to the owners of JLDG, and as a consequence it lost its $13,728.58 deposit.
The present action was brought against Hibernia and JLDG and its owners. Hibernia urged an exception of no cause of action which was sustained, and the suit against the bank dismissed with prejudice. This appeal followed.
The exception of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. Ferguson v. Dirks, 95-560 (La. App 5TH Cir. 11/28/95), 665 So.2d 585. Here, the allegations are that Hibernia held funds in two accounts of JLDG, that there was a line of credit secured by these funds, that JLDG filed for liquidation, and that Hibernia thereupon applied a portion of the funds to the line of credit indebtedness and placed the remainder in the registry of the court. Plaintiff claims an interest in the funds, but does not allege that its name appeared on the accounts. It advances the legal conclusion that in using the funds to satisfy its line of credit indebtedness, Hibernia wrongfully converted the funds claimed by plaintiff.
The first statute applicable to this factual scenario is set forth in La. R.S. 6:316, as follows:
A. Notwithstanding the provisions of Civil Code Articles 1893 et seq., compen *23 sation takes place by operation of law between funds held on deposit with any bank domiciled or having a branch office in this state and on any loan, extension of credit, or other obligation incurred by the depositor in favor of the bank. This compensation shall apply to those funds on deposit which the depositor has the right to withdraw on his request or endorsement alone, except funds deposited in an Individual Retirement Account or other type of tax-deferred account. The funds to which this compensation applies shall be deemed to be pledged by the depositor in favor of the depository bank....
C. In the event that the depositor should default under any loan, extension of credit or other direct or indirect obligation of any nature and kind |4whatsoever in favor of the depository bank, the bank shall have the right to apply any and all funds that the depositor then has on deposit with the bank or on which the bank has taken a security interest under Chapter 9 of the Louisiana Commercial Laws (R.S. 10:9-101, et seq.) toward the payment of the depositor’s indebtedness or obligations, whether such payment satisfies the indebtedness or obligations in whole or in part....
The second statute at issue here, La. R.S. 317, provides that:
A bank may conclusively rely on any application, agreement, or signature card used to establish a deposit account as establishing ownership of any and all funds and other credits deposited therein, and may consider and treat any and all funds on deposit in such an account as belonging to and the sole and exclusive property of the depositor or depositors named on the account application, agreement or signature card, unless otherwise notified or directed by the depositor or depositors.
In the present case, Hibernia simply exercised it rights under the La. R.S. 6:316 to apply funds in the accounts to JLDG’s line of credit indebtedness. There is no allegation that the accounts were in any names other than JLDG and its owners, or that JLDG or its owners ever notified the bank that the funds were not their sole and exclusive property, and the bank therefore had the right to deem the funds the property of the account holders under La. R.S. 6:317. Because the allegations, taken as true, only show that the bank acted within its rights under the statutes at issue here, plaintiff has failed to state any cause of action against the bank which could render it liable for the $13,728.54 deposit which it made to JLGD.
For the above reasons we hereby affirm the judgment sustaining the exception of no cause of action and dismissing Hibernia National Bank from the action with prejudice. Because of that disposition we need not consider the remainder of the judgment relating to the exception of prescription.

AFFIRMED.