STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-500


TARITA MANOR

VERSUS

ABBEVILLE GENERAL HOSPITAL


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 81174
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and Billy Howard Ezell, Judges.

AFFIRMED.


Harold D. Register, Jr.
Attorney at Law
P. O. Box 80214
Lafayette, LA 70598-0214
(337) 981-6644
Counsel for Plaintiff/Appellant:
        Tarita Manor

Troy Allen Broussard
Allen & Gooch
P. O. Drawer 3768
Lafayette, LA 70502-3768
(337) 291-1000
Counsel for Defendant/Appellee:
        Abbeville General Hospital

**DECUIR, Judge.**

Tarita Manor appeals the judgment of the trial court granting the motion for summary judgment filed by her employer, Abbeville General Hospital. We affirm.

## FACTS

On February 25, 2003, Tarita Manor was employed as a nurse at Abbeville General Hospital. A mentally ill patient with prior violent tendencies pushed Manor through a wooden door. As a result of the incident, Manor experienced and continues to suffer extreme pain in her neck and shoulders and is no longer capable of working in her field.

Manor filed suit against Abbeville General Hospital. Abbeville General Hospital filed a motion for summary judgment alleging that it was immune from suit and that Manor's exclusive remedy was provided by workers' compensation law. In an attempt to overcome the employer's statutory immunity, pursuant to La.R.S. 23:1032(A), Manor alleged that her injuries were substantially certain to occur because the mentally ill patient had struck other individuals in the past and Abbeville General was aware of this propensity to violence. The trial court granted the motion for summary judgment. Manor lodged this appeal.

## LAW

At the outset, we note that appellate courts review summary judgments *de novo* under the same criteria that governed the trial court's consideration of whether or not summary judgment was appropriate. *Schroeder v. Bd. of Sup'rs of La. State Univ.*, 591 So.2d 342 (La.1991); *Soileau v. D & J Tire, Inc.*, 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La. 1/16/98), 706 So.2d 979. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no

genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains. *Kumpe v. State*, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, *writ denied*, 98-50 (La. 3/13/98), 712 So.2d 882. After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. *Id.* Thus, summary judgment is apropos when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. *Id.*

"Facts are material if they determine the outcome of the legal dispute." *Soileau*, 702 So.2d at 821. The determination of the materiality of a particular fact must be made in light of the relevant substantive law. *Id.*

The relevant substantive law is found in La.R.S. 23:1032. If an employee is injured or killed in the course and scope of his employment, the exclusive remedy is workers' compensation. La.R.S. 23:1032(A). However, when the injury occurs from an intentional act, the employee and his family may seek other remedies. La.R.S. 23:1032(B). This statute, giving a worker and his family a remedy for an intentional injury, states:

> Nothing in this Chapter [**Chapter 10 Workers' Compensation**] shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.

The factual issue at the heart of the case before us is whether Abbeville General's conduct was intentional. Manor contends that the accident was substantially certain to follow because Abbeville General was aware of the patient's

2

propensity to violence and failed to take appropriate action to prevent it and the failure to take action to prevent further violent acts by the patient was an intentional act. We find that to be too broad an interpretation of the the intentional act exception to the workers' compensation exclusivity provisions. In *Ponthier v. Brown's Manufacturing, Inc.*, 95-1606, pp. 5-6 (La.App. 3 Cir. 4/3/96), 671 So.2d 1253, 1256, we said:

> Our brethren on the First Circuit, Court of Appeal visited this issue recently in *Landry v. Uniroyal Chemical Co., Inc.*, 94-1274 (La.App. 1 Cir. 3/3/95); 653 So.2d 1199, *writ denied*, 95-1381 (La. 9/15/95); 660 So.2d 461. That court rendered as follows:
>
>> Louisiana courts have narrowly interpreted the intentional act exception to the worker's compensation exclusivity provisions. (Citations omitted.) In *White v. Monsanto Co.*, 585 So.2d 1205, 1208 (La.1991), the supreme court explained the meaning of "intentional act" under Revised Statute 23:1032(B):
>>
>>> [T]he person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Thus, intent has reference to the consequences of an act rather than to the act itself. Only where the actor entertained a desire to bring about the consequences that followed or where the actor believed that the result was substantially certain to follow has an act been characterized as intentional, *Bazley v. Tortorich*, 397 So.2d 475 (La.1981).
>>
>> The term "substantially certain" has been interpreted to mean "nearly inevitable," "virtually sure," and "incapable of failing." (Citation omitted.) It requires more than a reasonable probability, even more than a high probability, that an accident or injury will occur. (Citation omitted.) Mere knowledge and appreciation of risk does not constitute intent, nor does reckless or wanton conduct or gross negligence. (Citation omitted.)

3

Our courts have held that allegations of failure to provide a safe place to work, deficiently designed machinery and disregard of OSHA safety provisions, failure to correct unsafe working conditions, and failure to provide specifically requested safety equipment are not sufficient to invoke the intentional act exception of Revised Statute 23:1032(B) absent proof (or in the case of summary judgment, disputed issues of fact) of either defendant's desire to harm plaintiff or defendant's knowledge that his conduct would nearly inevitably cause injury to plaintiff.  (Footnotes omitted.)

*Id.* at 1202.

In the present case, the allegations that Abbeville General was aware of the danger and failed to remedy it are insufficient to establish an intentional act under the law.  Under these circumstances and in view of the foregoing discussion, we find that the grant of Abbeville General's motion for summary judgment was appropriate.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.  All costs of these proceedings are taxed to appellant, Tarita Manor.

**AFFIRMED.**