# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**08-1160**


**JPMORGAN CHASE BANK**

**VERSUS**

**CASTELLE M. ANDRUS, ET AL**


\*\*\*\*\*\*\*\*\*\*
APPEAL
FROM THE
15TH  JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, C-2005-5093
HONORABLE KRISTIAN EARLES,   PRESIDING
\*\*\*\*\*\*\*\*\*\*


**SYLVIA R. COOKS**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, J. David Painter and Shannon J. Gremillion Judges.


**AFFIRMED.**

**Albert M. Karre, Jr.**
**208 West Main Street**
**Lafayette, LA 70501**
**Tel. (337) 235-5704**
**Counsel for Appellant:**
     Castelle M. Andrus

**Wayne A. Shullaw**
**P.O. Box 4815**
**Lafayette, LA 70502-4815**
**Tel. 337-266-2310**
**Counsel for Appellee:**
     JPMorgan Chase Bank

**COOKS, Judge.**

Castelle Andrus appeals the trial court's grant of summary judgment in favor of JPMorgan Chase, N.A. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

In September of 2004, a check in the amount of $98,725.00, drawn on the account of Mahmood Rehman and made payable to "ABC Bonding of Laf Escrow Account," was deposited into a Bank One account (now JPMorgan Chase, N.A., hereafter "Chase Bank") maintained in the name of Castelle M. Andrus d/b/a ABC Bonding of Lafayette (hereafter Andrus). Andrus himself deposited the check into the account. Chase Bank determined the check was counterfeit and therefore did not honor it. Between September 16, 2004 and September 28, 2004 Andrus also wrote a number of checks on his account, totaling in excess of $31,000.00. Several of the checks written were made payable to ABC Bonding, Castelle Andrus or Boyd Monsanto. After Chase Bank "set off" Andrus' account pursuant to the provisions of the depositor's agreement and La.R.S. 6:316 for the $98,725.00 check it deemed counterfeit, the account had an overdraft in the amount of $24,560.51.

Andrus maintained he was doing a favor for a friend, Boyd Monsanto, by agreeing to run the $98,725.00 check through his escrow account. Regardless of Andrus' motivation in depositing the check, Chase Bank sought to recover the overdraft from Andrus. To that end, Chase Bank filed suit for recovery of the overdrawn amount.

In response, Andrus filed a reconventional demand, seeking unspecified damages because his accounts were set-off by Chase Bank in an attempt to reduce their loss. Chase Bank filed a motion for summary judgment.

The hearing on the motion for summary judgment was heard on May 5, 2008. To support his contention that genuine issues of material fact existed, Andrus filed

-1-

an affidavit which stated that he had no business relationship with Mahmood Rahman, the maker of the check, nor did he even know him. Andrus also maintained he believed the check was for a Nigerian real estate investment and that the check looked genuine.

After considering the affidavits and arguments of counsel, the trial court held the matter was governed by Andrus' agreement with Chase Bank as set forth in the Account Rules and Regulations. These rules provided the depositor is liable for any overdrafts in his account, together with attorney fees and costs. The trial court granted the motion for summary judgment finding Andrus liable for the overdraft and left it to the parties to document the amount of attorney fees. Andrus then filed this appeal asserting the trial court erred in granting the summary judgment based on the evidence presented.

## ANALYSIS

Because the judgment on appeal is a summary judgment, our review is *de novo*, "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." *Supreme Serv. & Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827, p. 4 (La.5/22/07), 958 So.2d 634, 638.

The motion for summary judgment is a procedural device to avoid a full-scale trial when there is no genuine issue of material fact. *Prime Income Asset Management, Inc. v. Tauzin*, 07-1380 (La.App. 3 Cir. 4/30/08), 981 So.2d 897. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except certain domestic actions. The procedure is favored and shall be construed to accomplish these ends. La.Code Civ.P. art. 966(A)(2). The motion should be granted if the pleadings, depositions, answers to

interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

Although the burden of proof remains with the mover, if the mover will not bear the burden of proof at trial on the issue raised by the motion for summary judgment, then the mover may merely point out to the court the absence of factual support for one or more elements essential to the non-mover's claim. The burden then shifts to the non-mover to present evidence demonstrating that genuine issues of material fact remain. La.Code Civ.P. art. 966(C)(2). If the plaintiff then fails to produce such evidence, summary judgment is proper. *Id*.

Facts are "material" for summary judgment purposes if they determine the outcome of the legal dispute. *Manor v. Abbeville Gen. Hosp.*, 06-500 (La.App. 3 Cir. 9/27/06), 940 So.2d 888. The determination of materiality of a particular fact must be made in light of the relevant substantive law. *Commercial Prop. Dev. Corp. v. State Teachers Ret. Sys.*, 00-392 (La.App. 1 Cir. 3/28/01), 808 So.2d 534.

In this case, the trial court held that the affidavit submitted on behalf of Chase Bank, along with the exhibits, showed there were no genuine issues of material fact and that Chase Bank was entitled to summary judgment. We find no error in that conclusion.

Chase Bank's depositor's account agreement, which governed the relationship between Andrus and Chase Bank, provided, in pertinent part, as follows:

> If the Bank pays an item or honors your request that overdraws your Account, you agree to pay the amount of the overdraft together with any fee and accrued interest immediately upon demand at the Bank's offices, whether or not you signed or requested the withdrawal or participated in the transaction creating the overdraft or received any benefit from the withdrawal creating the overdraft.
>
> . . .

> Unless the collection of such cost is prohibited by the laws of your State, you agree to pay all costs and expenses, including attorney's fees, incurred by the Bank in the collection of any overdraft.

The plain language of this agreement provided Chase Bank with the contractual right to collect on any overdraft created by Andrus in his account. It is well settled under our law that parties may contract for any object which is lawful, possible, determined or determinable. La.Civ.Code art. 1971. Once the contract has been established, it becomes the law between the parties. La.Civ.Code art. 1983. Therefore, the depositor's agreement constitutes the law between Andrus and Chase Bank. *See also Marshall v. First Bank & Trust*, 02-2450 (La.App. 4 Cir. 5/21/03), 848 So.2d 660; *Peak v. Tuscaloosa Commerce Bank*, 96-1258 (La.App. 1 Cir. 12/29/97), 707 So.2d 59.

The evidence presented in the motion for summary judgment established that Andrus deposited into his account a counterfeit check in the amount of $98,725.00. Andrus then withdrew approximately $31,000.00 in twelve days, which resulted in an overdraft in the account of $24,560.51. Under the clear language of the depositor's agreement, Chase Bank had the right to collect on any overdraft in Andrus' account.

Andrus argues there was no proof presented that the check was counterfeit, other than Chase Bank's affidavit which stated it was "unauthorized and obtained through fraud." He presented affidavits by Monsanto and himself that deny any knowledge that the check was counterfeit, unauthorized, or obtained through fraud. Andrus presents a number of "what-if" scenarios as to what may have happened:

> It is possible that this account holder (Rehman) himself authorized the release of these funds, orally, in writing or through electronic means, or did so through the actions of an agent or third party broker. It is possible that he (Rehman) was not totally truthful with the bank, or backed out on a legitimate business deal.

Andrus contends these "what-if scenarios" create material issues of genuine fact as

-4-

to whether the check at issue was counterfeit. We disagree.

Chase Bank, as issuer and depositor of the check in question, is in a position to verify that the funds drawn on the account of Mahmood Rehman and made payable to "ABC Bonding of Laf Escrow Account," were "unauthorized and obtained through fraud."[1] Andrus does not assert otherwise, and has not established any relationship whatsoever with Rehman. Further, Andrus' assertions of several implausible hypotheticals do not create genuine issues of material fact sufficient to defeat summary judgment. The law is clear that affidavits with conclusory allegations of fact which are devoid of specific facts will not be considered sufficient to defeat summary judgment. La.Code Civ.P. arts. 966, 967; *Jackson v. Belleau*, 94-1469 (La.App. 3 Cir. 6/7/95), 657 So.2d 478; *Farmer v. Reyes*, 95-0734, (La.App. 4 Cir. 11/16/95), 665 So.2d 129; *Patterson v. Weber Marine and Fireman's Fund Ins. Co.*, 92-729 (La.App. 1 Cir. 4/8/94), 635 So.2d 686.

Andrus also argued the affidavits established that he and Boyd Monsanto believed the counterfeit check was genuine, and thus, did not have the intent to commit fraud. While Andrus' belief may be relevant in a criminal trial, the only issue before this Court in reviewing the civil action is whether Andrus is required by law to honor his contractual obligation with Chase Bank to repay the overdrafts. Nothing in Andrus' or Monsanto's affidavits created a genuine factual issue which if answered would affect the Bank's legal right to recoup the overdraft. We find no error in the trial court's conclusion that the depositor's agreement between the parties controls their relationship and obligates Andrus to repay the overdraft. Thus, we find no merit in Andrus' argument that the affidavits presented created issues of material fact.

We also find Andrus' reconventional demand for wrongful set-off was properly

---

[1] Andrus throughout his brief focuses entirely on whether the check was counterfeit. The affidavit clearly states that the check drawn on Rehman's account was unauthorized and/or obtained through fraud. Whether it is considered counterfeit or not is of no moment.

dismissed by the trial court. La.R.S. 6:316, which provides a bank the right to set-off an account to collect monies it is owed, provides in pertinent part:

> C. In the event that the depositor should default under any loan, extension of credit or other direct or indirect obligation of any nature and kind whatsoever in favor of the depository bank, the bank shall have the right to apply any and all funds that the depositor then has on deposit with the bank . . . towards the payment of the depositor's indebtedness or obligations, whether such payment satisfies the indebtedness or obligations in whole or in part. . . .

As Chase Bank points out, the right of set-off is long recognized under Louisiana law. *Singleton v. American Sec. Bank of Ville Platte, Inc.*, 02-1109 (La.App. 3 Cir. 4/30/03), 849 So.2d 72; *A & B Bolt & Supply, Inc. v. Standard Offshore Services, Inc.*, 02-1823 (La.App. 1 Cir. 6/27/03), 858 So.2d 509. Chase Bank also notes an action will not lie against a bank to recover monies that were properly set-off. *Industrial Erection & Maintenance, Inc. v. Jay lips Door & Glass Co., LLC.*, 04-927 (La.App. 5 Cir. 01/25/05), 895 So.2d 21. Therefore, we agree with the trial court's conclusion that La.R.S. 6:316 authorized Chase Bank to offset the funds in Andrus' account. Accordingly, we affirm the dismissal of Andrus' reconventional demand.

## DECREE

For the foregoing reasons, the judgment of the lower court is affirmed. All costs of this appeal are assessed against appellant, Castelle Andrus.

**AFFIRMED.**