616 So.2d 484 (1993)
Broughton HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1522.
District Court of Appeal of Florida, First District.
March 4, 1993.
Rehearing Denied April 30, 1993.
Nancy A. Daniels, Public Defender, Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Andrea D. England, Asst. Atty. Gen., Tallahassee, for appellee.
*485 ERVIN, Judge.
Appellant, Broughton Howard, seeks review of a criminal judgment, finding him guilty of committing a lewd and lascivious act, and the sentence imposed therefor. It is appellant's contention that the trial court erred by admitting certain testimony given by the victim's second-grade teacher regarding a sex education/abuse program presented to schoolchildren in the victim's class. We agree with appellant, and reverse and remand for new trial.
Appellant was charged with lewd and lascivious assault upon his seven-year-old step-granddaughter. At trial, the victim's schoolteacher testified that sex education/abuse classes were presented to the children by a woman from the Walton County Child Abuse Prevention Task Force. The teacher, who had attended such presentations, testified that the instructor discussed "good touches" and "bad touches." Displaying posters of children in bathing suits, the lecturer indicated that being touched where the bathing suit "goes" is a "bad touch." "Good touches," on the other hand, consist of hugs from parents. The children are instructed that if they receive a "bad touch," they are to tell the person "no," leave such person, and tell someone whom they trust, such as a parent, what happened.
Appellant had sought to exclude the above evidence at the outset of the trial and just before the teacher testified, arguing, among other things, that it was irrelevant. The trial judge, based on the state's representation that the class had been held within the preceding few months, and that the victim had in fact attended the class, allowed the testimony. Although appellant did not object to the testimony when it was actually offered, we consider that it would have been a useless act for appellant to have done so, because the court had just minutes before ruled that the evidence was admissible. It is well established that the law does not require a futile or useless act. See Thomas v. State, 599 So.2d 158, 159-60 n. 1 (Fla. 1st DCA 1991) (on rehearing), review denied, 604 So.2d 488 (Fla. 1992); Donaldson v. State, 369 So.2d 691, 694 (Fla. 1st DCA 1979). Thus, we consider appellant's relevancy objection properly preserved.
"Relevant evidence is evidence tending to prove or disprove a material fact." § 90.401, Fla. Stat. (1989). Relevancy determinations are within the trial court's discretion and absent a clear abuse of discretion, such rulings will not be overturned. Sims v. Brown, 574 So.2d 131, 133 (Fla. 1991). In the instant case, the judge's ruling was in effect one allowing the state to question the witness regarding the sex education/abuse classes, subject to the state linking such evidence to the victim, that is, establishing that the victim had in fact attended the class. Because the state failed to prove that the victim actually attended the class, it cannot be said that the evidence was relevant. Consequently, the trial judge abused her discretion by allowing the testimony over appellant's continuing relevancy objection.
We consider that such evidence was inadmissible as well under the provisions of Section 90.404(1), Florida Statutes (1989), which precludes a party from introducing "[e]vidence of a person's character or a trait of his character ... to prove that he acted in conformity with it on a particular occasion." See Stokes v. State, 541 So.2d 642, 646 (Fla. 1st DCA 1989) (letters written by defendant to cellmate and offered to corroborate cellmate's testimony at trial, indicated some aspects of the defendant's character and were inadmissible).
Because the evidence against appellant was less than overwhelming  there was no physical evidence to substantiate the victim's testimony and the case turned solely on the credibility of the victim and appellant  we cannot say that the erroneous admission of the schoolteacher's testimony did not contribute to the verdict or conviction. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986). Consequently, we reverse appellant's conviction and remand for new trial. See Francis v. State, 512 So.2d 280 (Fla. 2d DCA 1987).
REVERSED and REMANDED for further proceedings.
*486 ZEHMER, J., concurs.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting.
The evidence concerning sex education classes was offered by way of explanation of the victim's knowledge and use of the terminology "good touches" and "bad touches," and was admissible. Obviously, it was more than coincidental that the terminology used by the victim was taught in the school the victim attended. It is wholly immaterial what day or year the victim attended the class at which these terms were taught. The reasonable inference from her use of this terminology is that she had attended one or more of such classes. Appellant has failed to indicate any source, other than the class, for the victim's knowledge of the terms "good touches" and "bad touches," and is unable to state what prejudice arose from the use of these particular terms. Therefore, this court should not require this trial be had over.
We should affirm the judgment below.