643 So.2d 1151 (1994)
Jimmie ALEXANDER, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-2769.
District Court of Appeal of Florida, Third District.
October 5, 1994.
Rehearing Denied November 9, 1994.
*1152 Bennett H. Brummer, Public Defender, and Louis Campbell, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Consuelo Maingot, Asst. Atty. Gen., for appellee.
Before NESBITT, GERSTEN and GODERICH, JJ.
GODERICH, Judge.
The defendant, Jimmie Alexander, appeals from his conviction and sentence for conspiracy. We reverse.
First, the trial court erred in denying the defendant's peremptory challenges of jurors Gonzalez and Calzadilla where the defense proffered valid race-neutral reasons for challenging these jurors. As to Gonzalez, his responses during voir dire indicated that he might not be able to follow a specific jury instruction. Alen v. State, 596 So.2d 1083, 1090 n. 11 (Fla. 3d DCA 1992) (Hubbart, J., concurring) (inability to follow law race-neutral reason for exercising peremptory challenge), approved by, 616 So.2d 452 (Fla. 1993). As to Calzadilla, he indicated that he has three family members who are police officers. Id. (association with law enforcement race-neutral reason for exercising peremptory challenge).
Second, the trial court erred in permitting the State to introduce a taped telephone conversation in which a nontestifying codefendant implicated himself and the defendant in the robbery. The State argues that this hearsay statement was properly admitted as a statement against penal interest under the hearsay exception codified in Section 90.804(2)(c), Florida Statutes (1993). We disagree.
In order for a hearsay statement to be admissible as a statement against penal interest,
it must be shown that (1) the declarant is unavailable as a witness, (2) the statement must so far tend to subject the declarant to criminal liability that a reasonable person in the declarant's position would not have made the statement unless he or she believed it to be true, and (3) corroborating circumstances clearly indicate the trustworthiness of the statement.
Maugeri v. State, 460 So.2d 975, 977 (Fla. 3d DCA 1984) (quoting United States v. Riley, 657 F.2d 1377, 1383 (8th Cir.1981)). In the instant case, no corroborating circumstances clearly indicated that the statements contained in the taped conversation were trustworthy. Accordingly, the trial court erred in admitting the taped conversation.
Reversed.