664 So.2d 1144 (1995)
Robert James YOUNG, Appellant,
v.
STATE of Florida, Appellee.
Nos. 94-2412, 94-2472.
District Court of Appeal of Florida, Fourth District.
December 20, 1995.
Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joan L. Greenberg, Assistant Attorney General, West Palm Beach, for appellee.
*1145 WARNER, Judge.
We reverse the final judgment of conviction and sentence, holding that the trial court erred in admitting hearsay evidence contrary to State v. Baird, 572 So.2d 904, 908 (Fla. 1990), approving Harris v. State, 544 So.2d 322 (Fla. 4th DCA 1989).
The appellant was charged with possession of cocaine with intent to sell. At trial, the arresting officer was allowed to testify that he had received information that a black male, driving a blue Cadillac, was going to come to a particular motel room within fifteen minutes with three hundred dollars worth of cocaine to sell. The State argued that the evidence was necessary to show why the officer arrested the appellant. In Baird, the supreme court stated:
We agree with the Fourth District Court of Appeal in Harris that when the only purpose for admitting testimony relating accusatory information received from an informant is to show a logical sequence of events leading up to an arrest, the need for the evidence is slight and the likelihood of misuse is great. In light of the inherently prejudicial effect of an out-of-court statement that the defendant engaged in the criminal activity for which he is being tried, we agree that when the only relevance of such a statement is to show a logical sequence of events leading up to an arrest, the better practice is to allow the officer to state that he acted upon a "tip" or "information received," without going into the details of the accusatory information.
Baird, 572 So.2d at 908 (citation omitted). The supreme court also rejected the admission of the evidence on the ground that it showed the officer's state of mind in investigating the defendant, noting that the state of mind of the officer was not a material issue in the case. Id. at 907. In the instant case, the trial court used that rejected rationale of state of mind exception in admitting the details of the informant's statement. Thus, Baird requires a reversal.
We find that the appellant properly preserved this point for review by filing a motion in limine to exclude the hearsay statements and then renewing the objection when the officer began to testify as to the details of the statement. The court denied the motion and overruled the objection. The court then gave an instruction to the jury about the use that they should make of the officer's hearsay statement concerning the details provided by the informant. That there was no specific objection to the jury instruction does not waive the appellant's twice-stated objection to admission of details of the communication by the informant in their entirety. The law does not require a useless act. Howard v. State, 616 So.2d 484 (Fla. 1st DCA 1993).
We have also read the record to determine whether the admission of the evidence was harmless error, and we conclude that it was not. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). The defense challenged the fact that the officer found cocaine when he arrested appellant. The defense emphasized the improbability of the officer's testimony and significant discrepancies between the officer's testimony and that of a lab chemist as to the packaging of the very small amount of cocaine delivered for testing. The testimony that the officer was informed that the appellant would be coming to sell cocaine would have enhanced the officer's testimony that he discovered cocaine discarded by the appellant when he was arrested.
We therefore reverse and remand for a new trial.
GLICKSTEIN and STONE, JJ., concur.