689 So.2d 1262 (1997)
Timothy KELLY a/k/a Timothy Murphy, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-3178.
District Court of Appeal of Florida, Third District.
March 19, 1997.
Bennett H. Brummer, Public Defender and Rosa C. Figarola, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Michael J. Neimand, Assistant Attorney General and Sandra S. Jaggard, Assistant Attorney General, for appellee.
Before GERSTEN, GREEN and SHEVIN, JJ.
PER CURIAM.
Timothy Kellym, a/k/a Timothy Murphy, appeals his conviction and sentence for attempted first degree pre-meditated murder and first degree murder. We find that Kelly's attempted exercise of a peremptory strike of a juror who indicated that she was troubled by Kelly's right to remain silent at trial was a valid race-neutral reason. Consequently, the trial court's denial of this strike was clear error and we reverse and remand for a new trial.
During the voir dire proceedings, juror Hernandez stated that she was bothered by an accused's Fifth Amendment right not to testify in a criminal proceeding:
[Defense Counsel]: Is there anybody that has a problem with that, that a person charged with a crime in this country is not required to give testimony if they don't want to? Does anybody has [sic] a problem with that? You do? Ma'am, what's your problem?

*1263 [Juror Hernandez]: I don't thinkit's right not to
[Defense Counsel]: That's exactly the law.
[Juror Hernandez]: Right.
[Defense Counsel]: He doesn't have to do anything.
[Juror Hernandez]: Right.
[Defense Counsel]: And that bothers you?
[Juror Hernandez]: Yeah.
[Defense Counsel]: Okay. Why?
[Juror Hernandez]: Justit bothers me.
[Defense Counsel]: Well, it may bother you, but that's the law.
[Juror Hernandez]: I understand.
[The Court]: And it's not really all the law either.
[Juror Hernandez]: No?
[The Court]: The whole law is, he doesn't have to testify, he doesn't have to produce any evidence, and you are not supposed to hold it against him.
[Juror Hernandez]: Okay. I understand.
[The Court]: Can you abide by that?
[Juror Hernandez]: I think I can.
[The Court]: No, no.
[Juror Hernandez]: It will be difficult to.
[The Court]: In this business, you are either pregnant or you are not. Okay?
[Juror Hernandez]: Okay. No such thing as a little bit.
[The Court]: Can you abide by that?
[Juror Hernandez]: Yes, I think I can.
[The Court]: You think you can?
[Juror Hernandez]: Yes.
[Defense Counsel]: You say, `Yes I think I can'?
[Juror Hernandez]: Yes, I can.
[Defense Counsel]: You don't have any doubts right now as you sit there that you would not hold it against Mr. Kelly if he were to sit there throughout the whole trial and do absolutely nothing and say nothing?
[Juror Hernandez]: No, no. I guess if I hear all the other facts and everything else, I wouldn'tno, I wouldn't hold it against him.
The defense subsequently sought to exercise one of its peremptory challenges to excuse juror Hernandez from jury service. The court asked the defense to explain why a peremptory challenge was being used to strike her. The defense proffered juror Hernandez's "problem" or hesitation about the law as it pertains to an accused's right to remain silent as one of its race-neutral reasons for the strike.[1]
We think that Juror Hernandez's uneasiness with an accused's Fifth Amendment right to remain silent was a sufficient race-neutral explanation to overcome any Neil[2] challenge. Alexander v. State, 643 So.2d 1151, 1152 (Fla. 3d DCA 1994). In Alexander, this court citing to its earlier decision in Alen v. State, 596 So.2d 1083, 1090 n. 11 (Fla. 3d DCA 1992), approved by 616 So.2d 452 (Fla.1993), specifically held that a prospective juror's inability to follow the law is a race-neutral reason for exercising a peremptory challenge. Juror Hernandez's ultimate statement that she would follow the law as instructed is not dispositive of the issue. Indeed, in addressing a cause challenge, our supreme court in Singer v. State, 109 So.2d 7 (Fla.1959) set forth the following test:
[A] juror's statement that he can and will return a verdict according to the evidence submitted and the law announced at the trial is not determinative of his competence, if it appears from other statements made by him or from other evidence that he is not possessed of a state of mind which will enable him to do so.
109 So.2d at 24. See also King v. State, 622 So.2d 134, 135 (Fla. 3d DCA 1993) (deciding if there is any reasonable doubt that a prospective juror cannot render a verdict based solely on the evidence submitted and the trial court's instruction of the law, the juror should be excused); Leon v. State, 396 So.2d *1264 203, 205 (Fla. 3d DCA), review denied, 407 So.2d 1106 (Fla.1981). We find this test to be no less applicable to the exercise of a peremptory strike vis-a-vis a Neil challenge.
Juror Hernandez's wavering and hesitant responses to the question of whether she could accept the accused's Fifth Amendment right to remain silent certainly casts a reasonable doubt on her ability to serve as a fair and impartial juror in a criminal proceeding. Under the Singer test, we think that she could have easily qualified as a cause challenge. For us to then conclude that a peremptory strike could not likewise be exercised against her would indeed create an anomaly in the law. This we will not do. Accordingly, we must reverse and remand for a new trial.
Reversed.
NOTES
[1] The defense further asserted that juror Hernandez was employed in a position of authority and was the mother of two small children. We need not address these additional proffered reasons in light of our disposition of this case.
[2] Neil v. State, 457 So.2d 481 (Fla.1984).