699 So.2d 289 (1997)
Gerardo PLAZA, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-2199.
District Court of Appeal of Florida, Third District.
September 10, 1997.
*290 Bennett H. Brummer, Public Defender, and Louis K. Nicholas, II, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Douglas Gurnic, Assistant Attorney General, and Emma Savadier, Legal Intern, for appellee.
Before JORGENSON and SORONDO, JJ., and BARKDULL, Senior Judge.
PER CURIAM.
Defendant appeals from judgments of conviction and sentences for first degree murder, armed burglary, and armed robbery. We affirm.
During jury selection, the State exercised four peremptory challenges on prospective female jurors. Each State challenge occasioned a separate defense objection based upon gender discrimination. When the defense objected to one particular strike, the court stated:
I am not going to even turn to the State. I am making a record why I'm not turning to the State. It is true that ... she's[1] a recovering alcoholic, as she testified, for three weeks.
The court allowed the strike, after further finding that no other juror against whom the State exercised a peremptory challenge was a recovering alcoholic. The defense objected.
On appeal, the defendant argues that the four peremptory strikes made by the State of female venire members were impermissibly based on gender, and that the trial court failed to consider the totality of the record when allowing those strikes. In addition, the defendant argues that the trial court erred in failing to conduct any Neil inquiry when the defense challenged the State's peremptory strike of the recovering alcoholic.
We find no deficiency in the trial court's conduct of the Neil inquiries. The court considered the State's specific reasons for the strikes, and properly found them to be gender neutral.
Additionally, we find no error in the trial court's efficient and thorough elucidation of the gender-neutral reason supporting the State's peremptory strike of the venire member who was a recovering alcoholic. The trial court was in the midst of a series of exhaustive Neil inquiries in which the defense challenged the State's peremptory strikes and the court properly required a gender-neutral explanation. We see no reason to shackle the court in its conduct of voir dire by requiring that it first ask for, and then await the State's explanation for a strike. If the record clearly supports the gender-neutral reason for a peremptory strike, and the trial court properly articulates that reason, there is no error in allowing the strike. See State v. Holiday, 682 So.2d 1092 (Fla.1996) (based upon review of entire record of voir dire concerning particular juror, court will not overturn trial court's determination of propriety of peremptory strike); Melbourne v. State, 679 So.2d 759 (Fla.1996) (trial court's assessment of credibility of reasons for strike will be affirmed unless clearly erroneous).
"The right to an impartial jury guaranteed by article I, section 16, is best safeguarded not by an arcane maze of reversible error traps, but by reason and common sense." Melbourne, 679 So.2d at 765. It *291 defies reason and makes no sense to require a trial court, when it is engaged in the proper and thorough rigors of a Neil inquiry, to await a neutral explanation for a strike that is readily apparent from the record before articulating that explanation on the record. "The law does not require futile acts." Hoshaw v. State, 533 So.2d 886, 887 (Fla. 3d DCA 1988).
AFFIRMED.
JORGENSON, J., and BARKDULL, Senior Judge, concur.
SORONDO, Judge, specially concurring.
The majority finds no error in the trial court's ruling on the gender-neutrality of a peremptory challenge exercised by the state without asking the prosecutor to proffer her reasons. Specifically, the majority says:
We see no reason to shackle the court in its conduct of voir dire by requiring that it first ask for, and then await the state's explanation for a strike. If the record clearly supports the gender-neutral reason for a peremptory strike, and the trial court properly articulates that reason, there is no error in allowing the strike.
I believe that a careful reading of the Florida Supreme Court's decision in Melbourne v. State, 679 So.2d 759 (Fla.1996), requires a finding that the trial court erred by not asking the state's attorney for a valid gender-neutral reason for the exercise of her peremptory challenge. However, because I believe the error to be harmless, I agree that the convictions and sentences in this case should be affirmed.
The most recent refinement of the standards set forth in State v. Neil, 457 So.2d 481 (Fla.1984), was announced by the Supreme Court of Florida in Melbourne. The Court established the following analysis for determining the racial, ethnic, and/or gender neutrality and genuineness of a peremptory challenge:
Step 1 A party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venire person is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike.
Step 2 At this point, the burden of production shifts to the proponent of the strike to come forward with a race neutral explanation.
Step 3 If the explanation is facially race neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained.
After setting forth the requirements of step 1, and before discussing the shifting of the burden of production, the Court stated, "If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike." Id. at 764 (emphasis added). The language used by the Court is mandatory. It seems clear to me that the purpose of the second step of the analysis is not to determine whether a valid gender-neutral reason exists, but, rather, whether the party exercising the strike is doing so on the basis of a valid gender-neutral reason. It is the subjective intent of the proponent of the peremptory which must be evaluated by the trial judge during step 2 of the analysis. For example, if the juror at issue had been previously arrested and prosecuted by the state attorney's office, clearly a valid gender-neutral reason,[2] but, having been asked to proffer a valid reason the prosecutor responds that in his opinion a woman could not be fair in a murder case, the court would be obligated to disallow the peremptory challenge because the stated reason, reflective of the attorney's subjective intent, is discriminatory. The fact that the record contained a valid gender neutral reason would not justify the strike because it would be clear that the strike was, in fact, gender-based. In the present case, the defendant objected to the state attorney's use of a peremptory challenge on the grounds that it was being used upon a female juror in a discriminatory manner. In so doing, the defendant satisfied the requirements of step 1. At this point, the burden of *292 producing a valid reason for the strike shifted to the state, and the trial court was obligated to ask the state's attorney for a valid gender-neutral reason for excusing the juror in question. By not doing so, the trial judge erred.[3]
The law is clear that the failure to exclude a potential juror who is excusable for cause or by the proper exercise of a peremptory challenge is reversible error, if the issue is properly preserved. Hill v. State, 477 So.2d 553 (Fla.), cert. denied, 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512, (1988); Kelly v. State, 689 So.2d 1262 (Fla. 3d DCA 1997); Gill v. State, 683 So.2d 158 (Fla. 3d DCA 1996). It is equally true that the improper exclusion of a juror for cause or by way of a peremptory challenge is also reversible error. Farina v. State, 679 So.2d 1151 (Fla. 1996); Abshire v. State, 642 So.2d 542 (Fla. 1994); State v. Alen, 616 So.2d 452 (Fla. 1993). The question presented in this case is whether an error committed by a trial judge during the course of conducting a Melbourne inquiry is reversible if it does not result in the improper exclusion or inclusion of a potential juror. I believe that it is not, and conclude that the trial judge's error here was harmless. A review of the record of the voir dire process supports this conclusion.
Before beginning an analysis of the jury selection process in this case it is important to note that the defendant was charged with first degree murder, armed burglary and armed robbery. The defense in the case was voluntary intoxication, a valid defense to a specific-intent crime.[4] Because of this anticipated defense, potential jurors were questioned extensively about their use of alcohol and drugs and any acquaintance they might have had with others who had drug and/or alcohol problems.
In order to effectively discuss the exercise of the peremptory challenges herein it is necessary to refer to individual jurors. Because the nature of the relevant inquiry in this case is of a personal nature, and in the interest of not embarrassing those who fulfilled their civic obligation by responding to jury duty, I will refer to the potential jurors in question by their first names. Also, to avoid redundancy, the "potential" jurors which were stricken will be referred to as jurors.
The first female juror stricken by the state was Juror Carol. The defense did not object to this strike but it is significant that both her father and mother are alcoholics. She went on to express very strong feelings about the use and abuse of drugs and alcohol but concluded by saying she could be fair. Before exercising a peremptory challenge the state sought to excuse her for cause but the motion was denied.
The next juror the state sought to strike was the critical subject of this case, Juror Eileen. She told the court and the attorneys that she was a recovering alcoholic and that she had been sober for three weeks. She added that hearing about the alcohol and/or drug problems of another might help her in her recovery process. The defense objected to the exercise of the peremptory on the grounds that Eileen, like Carol before her, was a young, white female and that the strike was gender-based and being exercised in a discriminatory manner.
After defense counsel concluded her objection the trial judge responded:
I am not going to even turn to the State. I am making a record why I'm not turning to the State. It is true that Ms. [Carol] is an Anglo female, and Ms. [Eileen] appears to be a Hispanic female. Insofar as these two people are concerned, she's a recovering alcoholic, as she testified, for three weeks. Insofar as your challenge here as a strike, I am looking at the other individual stricken by the State and comparing it to Ms. [Carol], for example, who has alcoholism in her family, mainly her father. No one has similarly suggested those left *293 on that have that kind of situation. And on particularly Ms. [Eileen], no one is a recovering alcoholic except Ms. [Eileen]. I will allow the strike.
As indicated above, the trial judge should have asked the state for a valid gender neutral reason, but, obviously impressed by the self-evident validity of the strike, the court ruled on the basis of the record before her.[5] Although the judge erred in not asking the state's attorney for a valid reason, it is irrefutable that the strike was validly gender-neutral and that the potential juror was properly excused.
The next juror stricken by the state was Juror Escarly. The defense objected, again arguing that Escarly was a young, Latin female and renewing the suggestion that the strike was gender-based and discriminatory. The trial court made the Melbourne inquiry and the state responded that Escarly had an uncle who had been arrested for DUI and possession of crack cocaine. She also had a close friend who was arrested for DUI and her former employer had an alcohol problem which he had discussed with her. The trial court correctly found these to be valid gender-neutral reasons.
Juror Barbara was the next female juror challenged by the state. The defense objected on the same grounds. The state responded to the court's inquiry by saying that Barbara was an unemployed kindergarten teacher; that she had been the victim of a kidnapping; that her brother had been arrested and prosecuted for carrying a concealed firearm; and, that she was young. Additionally, Barbara had friends who experimented with drugs, two of whom had a serious problem. She added that she had counseled them to try to get them to acknowledge their dependency. Again, the trial court correctly found these reasons to be validly gender-neutral.
The state then struck Juror Ethel. The defense did not object, but it is worthy of mention that Ethel had a niece and nephew who used crack cocaine and she counseled them about their problem.
The defense's next Melbourne challenge was raised when the state struck Juror Diana. In response to the court's inquiry the state observed that Diana's husband had been arrested for drug possession and that she had indicated that he had a serious drug addiction. Diana also mentioned that he was in "rehab" as they spoke. The court correctly concluded that this was a valid gender neutral reason.
Ana was the next juror stricken by the state. Again the defense objected for the same reasons as before. The state explained that Ana had told the court that when her husband is under the influence of alcohol he cannot control himself. The court correctly ruled that the reason was validly race-neutral.
The last female stricken by the state was Juror Irish. The defense did not object, but it is noteworthy that her son was having a serious problem with drugs.[6]
Every peremptory challenge exercised by the state was justified by valid gender-neutral reasons (one of which was common to all of the stricken potential female jurors) and completely consistent with each other, thus eliminating the possibility of pretext and the suggestion that the state was exercising its strikes in a discriminatory manner. In short, this case was tried by a female prosecutor and a female defense attorney, before a female judge, and to a jury of 12 people, 8 of whom were females. This record is devoid of even the slightest evidence of gender discrimination. The totality of the jury selection process confirms my conclusion that the trial court's error during the Melbourne inquiry dealing with juror Eileen, the only error in this trial, was harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
I conclude by observing that the Melbourne guidelines were created by the Supreme Court for the purpose of eliminating *294 racial (as well as ethnic and gender) discrimination in the exercise of the peremptory challenge. Melbourne, 679 So.2d at 764. The practical use of this tool, however, is rapidly degenerating into a strategic way for attorneys to pollute the trial record with baseless objections, alleging racial, ethnic and gender discrimination, which are completely unsubstantiated by the record. Clearly, an attorney is compelled to zealously represent his or her client. A lawyer who honestly believes that his or her opponent is using peremptory challenges in a discriminatory manner is ethically and morally bound to raise an objection. Likewise, in the absence of any indication of such a corrupt motive, it is ethically and morally reprehensible to accuse a colleague of racial, ethnic and/or gender discrimination for the sole purpose of trying to create reversible error. Such actions degrade the justice system, undermine the public's confidence in our courts and may ultimately lead to the demise of the peremptory challenge.
NOTES
[1] The court was referring here by name to one of the challenged female jurors.
[2] Miller v. State, 605 So.2d 492 (Fla. 3d DCA), rev. denied, 613 So.2d 7 (Fla. 1993); Knight v. State, 559 So.2d 327 (Fla. 1st DCA), rev. denied, 574 So.2d 141 (Fla. 1990).
[3] Once the proponent of the peremptory challenge articulates a valid gender-neutral reason I see no problem with the trial judge perfecting the record by articulating other valid reasons in the record which the judge may find relevant to the analysis in step 3.
[4] Gurganus v. State, 451 So.2d 817 (Fla. 1984)(first degree murder); Eberhardt v. State, 550 So.2d 102 (Fla. 1st DCA), rev. denied, 560 So.2d 234 (Fla.1990)(burglary); Graham v. State, 406 So.2d 503 (Fla. 3d DCA 1981)(robbery).
[5] In fairness to the trial judge I note that this case was tried before publication of the Supreme Court's decision in Melbourne.
[6] The state's other two peremptory challenges were exercised against male jurors. One of them had a history of involvement in drug counseling and the other one stated that he did not feel comfortable judging another person.