760 So.2d 977 (2000)
Darious DAVIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D98-3286.
District Court of Appeal of Florida, Third District.
May 17, 2000.
Rehearing Denied July 5, 2000.
Philip L. Reizenstein and Kenneth L. Weisman, for appellant.
Robert A. Butterworth, Attorney General, and Gary K. Milligan, Assistant Attorney General, for appellee.
Before LEVY, FLETCHER, and RAMIREZ, JJ.
PER CURIAM.
Appellant Darious Davis appeals his conviction and sentence for armed robbery. We affirm the conviction, but reverse and remand on the sentencing point.
On January 13, 1998, a seventy-one year old woman was robbed at gunpoint upon entering her parked vehicle. Approximately two hours after the robbery, a show-up identification was conducted in the street near the home where Davis and the co-defendant were arrested after the victim identified Davis as her assailant. Davis' motion to suppress the victim's identification of him was denied. We find no merit in Davis' motion to suppress the show-up identification and affirm the trial court's denial of suppression.
Davis also challenges a portion of the trial judge's instructions given to the jury prior to deliberations. After giving *978 the standard jury instructions, the judge stated:
There are some times when jurors say: "[w]ell, what did witness number 3 say when they said this or what did they mean when they said that?" You're basically asking us to tell you again what somebody said or to interpret what somebody said in the courtroom. The law doesn't allow us to answer those kinds of questions. You have to rely upon your recollection of what the person said when they testified. You have to rely upon that and the instructions on the law that you have been given the way they are.
We find that the trial court erred by instructing the jury that the law did not allow the court to read back testimony. See Fla. R.Crim. P. 3.410. This preemptive instruction by the trial judge was obviously intended to deter any requests to have testimony read back. While it is understandable that no trial judge wishes to encourage read-back requests, given the mandate of rule 3.410, it is error to discourage them. In our view, however, this error does not constitute fundamental error. Therefore, as the issue was not preserved by defense counsel with an objection to the offending instruction, it has been waived for appellate purposes. See Diaz v. State, 567 So.2d 18, 19 (Fla. 3d DCA 1990).
Finally, Davis challenges his sentences as both a prison release re-offender pursuant to section 775.082(8), Florida Statutes (1999), and a habitual violent felony offender pursuant to section 775.084(4), Florida Statutes (1999). The State agrees that it would be error to sentence Davis under both statutes, but claims that Davis was sentenced only as a prison release re-offender. We are unable to determine from the record whether the State is correct; therefore, we must reverse on the sentencing issue and remand to the trial court to ensure that the record clearly reflects that Davis was not sentenced as a habitual violent felony offender.
Affirmed in part, reversed in part and remanded.