LEWIS, J.
We have for review Davis v. State, 760 So.2d 977 (Fla. 3d DCA 2000). We have *1086 jurisdiction. See art. V, § 3(b)(3), Fla. Const.
We quash, in part, the decision of the district court to the extent it determines that a defendant cannot be sentenced as both a prison releasee reoffender and a habitual violent felony offender. Such sentencing does not constitute double jeopardy. See Grant v. State, 770 So.2d 655 (Fla.2000) (determining that sentencing under both the Prison Releasee Reoffen-der Act (the “Act”) and another recidivist statute did not constitute double jeopardy, but that the imposition of equal, concurrent sentences under both statutes violated the Act itself). Accordingly, we remand the issue for reconsideration upon application of our decisions in Grant; State v. Cotton, 769 So.2d 345 (Fla.2000); McKnight v. State, 769 So.2d 1039 (Fla.2000); and Ellis v. State, 762 So.2d 912 (Fla.2000).
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, and PARIENTE, JJ., concur.
QUINCE, J., dissents.