834 So.2d 898 (2002)
The STATE of Florida, Appellant,
v.
Thomas DAVIS, Appellee.
No. 3D01-3451.
District Court of Appeal of Florida, Third District.
December 26, 2002.
Stay of Mandate Denied January 22, 2003.
Richard E. Doran, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellee.
Before COPE, GERSTEN and SHEVIN, JJ.
SHEVIN, Judge.
State of Florida appeals defendant's sentence.[1] We vacate the sentence. Upon Davis's violation of probation for committing a criminal offense, he was sentenced to five years in prison. Although the state had filed a notice of enhancement pursuant to the Prison Releasee Reoffender and Habitual Offender Acts, the state offered Davis a plea to the substantive offense for five years concurrent and coterminous with the probation violation sentence.
*899 Davis, however, rejected the offer and proceeded to trial. During trial, the parties attempted to resolve the case with a plea bargain. Over the state's objection, Davis accepted the court's offer of four years in prison concurrent and coterminous with the probation violation sentence in exchange for a guilty plea.
The trial court offered Davis the plea bargain and refused to impose an enhanced sentence based upon the erroneous ruling that the state had waived imposition of the Prison Releasee Reoffender Act ("Act") when it offered Davis a non-PRR sentence. Contrary to the court's ruling, the state did not waive sentencing under the Act as Davis's rejection of the state's initial plea offer negated any state waiver. "When an accused voluntarily chooses to reject or withdraw from a plea bargain, he retains no right to the rejected sentence." Mitchell v. State, 521 So.2d 185, 187 (Fla. 4th DCA 1988). See Stephney v. State, 564 So.2d 1246, 1248 (Fla. 3d DCA 1990). The court may not impose a guideline sentence if the state seeks sentencing pursuant to the Act and provides sufficient proof that defendant qualifies as a prison releasee reoffender. See Grant v. State, 770 So.2d 655 (Fla.2000); State v. Cotton, 769 So.2d 345 (Fla.2000). Thus, the court was without discretion to offer Davis a plea bargain to a non-PRR sentence. Accordingly, we vacate the sentence and remand for re-sentencing. On remand, Davis shall be afforded the opportunity to withdraw his plea.
Sentence vacated; and cause remanded with directions.
NOTES
[1] We have jurisdiction as the order is appealable. E.g. State v. Miranda, 793 So.2d 1042 (Fla. 3d DCA 2001); State v. Crenshaw, 792 So.2d 582 (Fla. 2d DCA 2001); State v. Chamberlain, 744 So.2d 1185 (Fla. 2d DCA 1999). The state's failure to present evidence that Davis qualified as a prison releasee reoffender is of no moment as the trial court had ruled on the waiver issue and stated its intention to offer Davis a guidelines sentence. See Chamberlain, 744 So.2d at 1186. It is well settled that the law does not require a useless or futile act. See Plaza v. State, 699 So.2d 289 (Fla. 3d DCA 1997); Young v. State, 664 So.2d 1144 (Fla. 4th DCA 1995); Howard v. State, 616 So.2d 484 (Fla. 1st DCA 1993).