NORTHCUTT, Judge.
Pursuant to a deal reached with the circuit court, Malcolm Baker received a habitual offender sentence of sixty-four months in prison after pleading guilty to two counts of aggravated battery and one count of third-degree grand theft. The State appeals, arguing that the court erred in refusing to consider whether Baker qualified for sentencing as a prison releas-ee reoffender. We agree and reverse.
During an unrecorded bench conference, the circuit court apparently offered to sentence Baker to sixty-four months in prison as a habitual offender in exchange for a guilty plea. Back on the record, Baker indicated his desire to accept the court’s offer, at which point the prosecutor informed the court for the first time that Baker also qualified as a prison releasee reoffender (PRR). The prosecutor had in hand separate notices of the State’s intent to seek habitual offender sentencing and PRR sentencing. Baker’s habitual offender status apparently had been discussed during the unrecorded bench conference, but his PRR status had not. Understandably frustrated, the court refused to allow the prosecutor to file the PRR notice, stating that it was untimely, and refused to consider sentencing Baker as a PRR. As a PRR, Baker would face a mandatory minimum sentence of fifteen years in prison for the aggravated battery convictions. See § 775.082(9)(a)(3)(c), Fla. Stat. (2001).
The court was mistaken in its belief that the PRR notice was untimely, because the notice was offered before Baker’s plea had been accepted. See Fla. R.Crim. P. 3.172 (stating that court must satisfy itself of voluntary nature and factual basis before accepting plea). Florida Rule of Criminal Procedure 3.171(b)(2)(A) places an affirmative obligation on the prosecuting attorney to “apprise the trial judge of all material facts known to the attorney regarding the offense and the defendant’s background prior to acceptance of a plea by the trial judge[.]” Florida Rule of Criminal Procedure 3.720 states that as soon as practicable after the determination of guilt, a sentencing hearing shall be set where the “court will entertain submissions and evidence by the parties that are relevant to the sentence.” See Rollinson v. State, 743 So.2d 585, 590 (Fla. 4th DCA 1999) (citing rule 3.720 in rejecting a procedural due process challenge to PRR sentencing), approved, 778 So.2d 971 (Fla.2001).
*645 Imposing a PRR sentence is mandatory once the State proves that the defendant qualifies. See State v. Cotton, 769 So.2d 345 (Fla.2000). Thus it has been held that the court cannot offer a plea bargain for a guidelines sentence if the State is seeking a PRR sentence. State v. Davis, 834 So.2d 898 (Fla. 3d DCA 2002), review denied, 845 So.2d 888 (Fla.2003) (table decision). Although the State did not proffer the evidence that would support Baker’s PRR classification, the court did not allow the State to even file the PRR notice. “It is well settled that the law does not require a useless or futile act.” Davis, 834 So.2d at 898 n. 1 (excusing State’s failure to present evidence of defendant’s PRR qualifications when trial court had already ruled that State waived PRR sentencing by earlier offer for guidelines sentence). Accordingly, we reverse. On remand, Baker must be given an opportunity to withdraw his plea.
Reversed and remanded.
DAVIS and VILLANTI, JJ., Concur.