923 So.2d 1186 (2006)
The STATE of Florida, Appellant,
v.
Sergio GARCIA, Appellee.
No. 3D05-1806.
District Court of Appeal of Florida, Third District.
March 8, 2006.
Rehearing Denied March 29, 2006.
Charles J. Crist, Jr., Attorney General, and Thomas C. Mielke, Assistant Attorney General, for appellant.
*1187 Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Assistant Public Defender, for appellee.
Before WELLS and CORTIÑAS JJ., and SCHWARTZ, Senior Judge.
CORTIÑAS, Judge.
The State of Florida ("State") appeals on the ground that the trial court improperly sentenced the defendant, Sergio Garcia, below the mandated sentence required under the Prison Releasee Reoffender Act ("Act"), section 775.082(9)(a), Florida Statutes (2005). We reverse and vacate the sentence.
Under the Act, the State may seek to have a defendant sentenced as a prison releasee reoffender and, as such, the defendant is not eligible for a sentence under the sentencing guidelines. In those situations, the defendant "must be sentenced" as provided under the Act. § 775.082(9)(a), Fla. Stat. (2005). During a pretrial hearing, the State announced that it made plea offers to the defendant of fifteen (15) years as a prison releasee reoffender, fifteen (15) years on a fleeing charge as a habitual offender, and ten (10) years on a burglary charge as a habitual offender, terms to run concurrently. The defendant's attorney then advised the trial court that he has "relayed the State's two offers to [defendant] on the two cases, and he respectfully declines."
The defendant's attorney told the court that the defendant "asked me to counter-offer with 33 months" and acknowledged that the State "ha[s] not said yes." Despite full awareness that the defendant was subject to a statutorily-mandated sentence as a prison releasee reoffender and that the State had not accepted the defendant's counter-offer plea sentence of 33 months, the trial judge proceeded to conduct a plea colloquy. Before commencing the court-initiated plea colloquy, the trial judge advised the defendant's attorney that "if anything goes, it has got to be from me, not from you." The trial judge then asked the defendant, "[y]ou understand what your attorney has offered to the court and what the court is accepting?" At the conclusion of the plea colloquy, the trial judge stated, "I am accepting the counter-offer of 33 months."
The State timely objected to the 33-month sentence on the ground that the sentence was below the mandated sentence required under the Act. The defendant's attorney acknowledged that "the State is correct" and advised the judge that "it is not within your discretion not to sentence the defendant as a [prison releasee reoffender]." After the hearing, the trial judge entered a sentencing order, which acknowledged that the defendant was adjudicated a prison releasee reoffender under the Act, but, nevertheless, sentenced the defendant to 33 months imprisonment on those counts.
The record in this case shows that the trial judge was fully aware that the State had made a plea offer of fifteen (15) years to the defendant as a prison releasee reoffender under the Act. The judge was advised by both parties that he did not have the discretion to impose a 33-month sentence, which was substantially below the Act's minimum sentencing requirement of fifteen (15) years imprisonment. Nevertheless, the trial judge sentenced the defendant to 33 months in prison. The record is devoid of any explanation for the trial judge's departure from the Act's requirements.
It is well-settled that, once the State proves by a preponderance of the evidence that a defendant qualifies as a prison releasee reoffender, the trial court must sentence the defendant under the Act. See State v. Cotton, 769 So.2d 345 *1188 (Fla.2000); Johnson v. State, 766 So.2d 480, 481-82 (Fla. 5th DCA 2000). In such a case, the trial court does not have discretion to depart from the Act's mandated sentence, and refusal to impose the mandatory minimum sentence is error as a matter of law. See State v. Smith, 832 So.2d 249, 250 (Fla. 5th DCA 2002).
Recently, in State v. Davis, 834 So.2d 898 (Fla. 3d DCA 2002), we vacated a sentence based on the trial judge's refusal to impose the Act's enhanced penalties. In Davis, the trial judge believed that the State had waived imposition of the Act's requirements because it had made a plea offer to the defendant below the Act's requirements. Id. However, the defendant had rejected this plea offer and we found that this negated any waiver by the State. Id. The facts of this case present an even more compelling case for reversal as the State's plea offer was within the Act's requirements.
The fact that the State was not afforded an opportunity to prove that the defendant qualified as a prison releasee reoffender is of no consequence. The events of this case took place during a pretrial hearing, which neither party reasonably anticipated would result in a plea colloquy, much less a sentencing hearing. The record is clear that no plea agreement had been reached by the parties prior to or during the hearing. It was the trial judge who sua sponte conducted a plea colloquy and sentencing, without affording the State its statutory right under the Act to present evidence on the defendant's qualification as a prison releasee reoffender. We find that the trial judge erred by not allowing the State a sufficient opportunity to present such evidence.
Accordingly, we vacate the sentence and remand for re-sentencing. On remand, the defendant shall be afforded the opportunity to withdraw his plea.
Sentence vacated and cause remanded with directions.