932 So.2d 1246 (2006)
The STATE of Florida, Appellant,
v.
Darious DAVIS, Appellee.
No. 3D03-3191.
District Court of Appeal of Florida, Third District.
July 12, 2006.
*1247 Charles J. Crist, Jr., Attorney General, and Linda S. Katz, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellee.
Before GREEN, RAMIREZ, and SUAREZ, JJ.

ON MOTION FOR REHEARING
GREEN, J.
We grant appellee's motion for rehearing, withdraw our opinion of August 3, 2005, and substitute the following opinion in its stead.
This is an appeal from an order granting a Rule 3.850 motion for post-conviction relief after an evidentiary hearing, wherein the trial court found appellant's trial counsel to have been ineffective for failing to communicate its proposed plea offer to the appellant. Because we find that the court's proposed plea offer included a sentence which could not have been lawfully imposed, even if accepted, we conclude that counsel's failure to communicate said offer cannot form a basis for relief under Rule 3.850.
Appellant, Davis, was charged as a youthful offender in case numbers: 93-24124B, 93-24746, and 93-39346. He pled guilty and was sentenced to four years in prison followed by two years of community control. Soon after his release from prison, Davis violated the terms of his community control by failing to remain confined at his home as ordered. He was also arrested and charged with armed robbery and armed burglary with a firearm in case number 98-1417B.
Affidavits, and subsequent amended affidavits, were filed in the three youthful *1248 offender cases asserting that Davis violated community control by failing to remain at home on three separate occasions, and by committing the new criminal offense. At the hearing on the violation cases, the State represented that Davis's sentencing guidelines score was 9½ to twelve years, and twelve to seventeen years with the enhancement for violating community control. The court asked if Davis had been offered a plea. The State claimed that it had offered the top of the guidelines, seventeen years. The court countered with an offer of 9½ years, for that day only, "to clear the cases from the docket." There is conflicting evidence as to whether the plea was ever actually communicated to Davis, but his trial counsel represented to the trial judge in open court and in Davis's presence that Davis refused the plea. Thereafter, Davis admitted to the community control violations, and was sentenced to a fifteen year prison sentence.
Davis was found guilty of the armed robbery and armed burglary charges (i.e., case number 98-1417B) and received concurrent life sentences, with a minimum mandatory as a habitual violent offender and a prison releasee reoffender ["PRR"]. On direct appeal, this court reversed Davis's sentence and held that he could not be sentenced both as a habitual violent offender and a PRR. Davis v. State, 760 So.2d 977 (Fla. 3d DCA 2000). The Supreme Court of Florida quashed that decision, and held that a defendant could, in fact, be sentenced under both designations. State v. Davis, 791 So.2d 1085 (Fla.2001).
Thereafter, Davis filed a pro se Rule 3.850 motion that sought to vacate his convictions on the grounds of ineffective assistance of trial counsel. Following an evidentiary hearing, the court denied Davis's motion, and appointed counsel to file an appeal of the denial. Upon reviewing the materials, appellate counsel moved to file, with the court below, a new and substantively different 3.850 motion (which counsel entitled an "Amended Motion"), on the grounds that there were "glaring errors in the preparation and trial of this case." The court granted the motion, and agreed to conduct a second evidentiary hearing.
This second motion asserted that Davis's trial counsel was ineffective when he rejected the court's plea offer of 9½ years without properly discussing the offer with Davis. Following the evidentiary hearing, the court below granted this second motion based upon its finding that Davis's trial counsel had been ineffective in failing to discuss the trial court's plea offer with Davis and in failing to inform Davis of the consequences of being sentenced as a PRR. The court also found that the state had waived its right to complain about the illegality of the proposed 9½ year sentence because the state voiced no objection when the trial court made the offer. The state now appeals.
In order to prevail on a post-conviction claim of ineffective assistance of counsel, a defendant must essentially prove two things under Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must prove that counsel's performance was deficient.[1]Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Secondly, the defendant must show that the deficient performance prejudiced the defendant. Id. More specifically, if the alleged ineffectiveness arises out of the rejection of a plea offer, the defendant must establish *1249 that: "(1) counsel failed to communicate a plea offer or misinformed defendant concerning the penalty faced; (2) defendant would have accepted the plea offer but for the inadequate notice, and (3) acceptance of the [s]tate's plea offer would have resulted in a lesser sentence." Cottle v. State, 733 So.2d 963, 965 (Fla.1999). Giving deference, as we must, to the trial court's factual findings below on this record, the first two elements of the Cottle test have been met. The third element of the Cottle test, however, has not. That is because even if Davis had accepted the court's proposed plea offer, he would not have incurred a lesser sentence because the sentence as proposed by the trial court, was unlawful.
At the second evidentiary hearing below, the defense argued that the court's 9½ years plea offer encompassed the three community control violation cases and the charges in case number 98-1417B. Assuming this to be true, this sentence falls short of minimum sentence required by the PRR statute. Accordingly, the trial court's plea offer was illegal. See State v. Cotton, 769 So.2d 345 (Fla.2000). See also State v. Thomas Davis, 834 So.2d 898 (Fla. 3d DCA 2002), rev. denied, 845 So.2d 888 (Fla.2003) (court cannot offer plea for guideline sentence if state is seeking a PRR sentence). Simply put, the trial court lacked the discretion to offer Davis a non-PRR sentence as a matter of law. See State v. Thomas Davis, 834 So.2d at 899 (trial court lacked discretion to offer defendant plea to non-PRR sentence where state sought sentencing pursuant to PRR act and provided proof that defendant qualified as such).[2]See also State v. Baker, 874 So.2d 643 (Fla. 2d DCA 2004)(imposition of PRR sentence mandatory where defendant qualifies as such), rev. denied, Baker v. State, 894 So.2d 969 (Fla.2005); Parker v. State, 874 So.2d 683 (Fla. 4th DCA 2004)(defendant's classification as PRR rendered him ineligible for sentencing under guidelines; defendant required to be sentenced exclusively under PRR Act). As the trial court's proposed plea offer was illegal, Davis was not entitled to the court's lower sentence.
Davis, nevertheless contends that the state waived any complaint regarding the illegality of the court's plea offer by failing to object at the time the plea was offered. We disagree. In State v. Thomas Davis, 834 So.2d 898, the trial court offered the defendant a plea bargain which did not include an enhanced sentence on the grounds that the state had waived imposition of a PRR sentence by offering the defendant a non-PRR sentence. We disagreed and found that when the defendant rejected the state's initial offer, the parties stood in the same position as before the offer. Thus, we found that the state had not waived its request for PRR sentencing. Similarly, in this case, although the court below found that the plea had not been communicated to Davis, defense counsel's refusal of the trial court's 9½ year offer in open court, in Davis's presence, terminated the plea negotiations. Thus, as we held in State v. Thomas Davis, the state never had the opportunity or need to object to (or even raise) the PRR issue. Defense counsel's rejection of the trial court's plea offer obviated any possible issue of waiver by the state.
Hence, in this case, Davis cannot demonstrate that he was "prejudiced" by his *1250 counsel's failure to discuss the court's proposed plea offer with him. He, therefore, cannot prevail on the merits of his 3.850 motion. See Strickland, supra. We therefore reverse the trial court's order and remand for reinstatement of the original sentence.
Reversed and remanded.
NOTES
[1] "This requires a showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. 2052.
[2] "The state's failure to present evidence that Davis qualified as a prison releasee reoffender is of no moment as the trial court had ruled on the waiver issue[.] . . . It is well settled that the law does not require a useless or futile act. See Plaza v. State, 699 So.2d 289 (Fla. 3d DCA 1997); Young v. State, 664 So.2d 1144 (Fla. 4th DCA 1995); Howard v. State, 616 So.2d 484 (Fla. 1st DCA 1993)." State v. Davis, 834 So.2d at 899 n. 1.