CORTINAS, J.
We find that the trial court erred by sentencing defendant below the three-year minimum mandatory sentence required by statute. § 775.087(2)(a)(1)r, Fla. Stat. (2005).
The State charged defendant, a convicted felon, with violating sections 790.23(1), Fla. Stat. (2004) and 775.087, Fla. Stat. (2005), for carrying a concealed weapon during the commission of a crime. In exchange for his guilty plea, the State had offered defendant eighteen months in prison with no credit for time served and had agreed to waive the applicable three-year minimum mandatory sentence. Defendant did not accept the State’s offer. Without explanation and without the State’s acquiescence, the judge then offered defendant eighteen months in prison with credit for time served. In response, the State objected to the court’s plea offer and withdrew from plea negotiations.
During the plea colloquy between the court and the defendant, during which the State remained silent, the trial court inquired as follows:
Court: Do you understand if this case had proceeded to trial the maximum sentence you were facing was fifteen years in state prison with a three-year minimum mandatory?
Defendant: Right.
At the conclusion of the plea colloquy, the trial court sentenced defendant to eighteen months in prison with credit for time served.
We find that the court was without discretion to deviate downward from the statutory minimum. § 775.087(2)(a)(1)r, Fla. Stat. (2005); see State v. Davis, 834 So.2d 898, 899 (Fla. 3d DCA 2002). By doing so, the court erred as a matter of law. See State v. Garcia, 923 So.2d 1186, 1187 (Fla. 3d DCA 2006).
Accordingly, we vacate the sentence and remand for re-sentencing. On remand, the defendant shall be afforded the opportunity to withdraw his plea.
Sentence vacated and case remanded with directions.
SCHWARTZ, Senior Judge, concurs.