RENDERED: APRIL 29, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0709-MR

ROBERT CASTLE                                            APPELLANT

v.             APPEAL FROM JOHNSON CIRCUIT COURT
HONORABLE JOHN DAVID PRESTON, JUDGE
ACTION NO. 17-CR-00043

COMMONWEALTH OF KENTUCKY                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, DIXON, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Robert Castle appeals from the Johnson Circuit Court's

denial of his Kentucky Rule of Criminal Procedure (RCr) 11.42 motion. We

affirm.

Castle was indicted in February 2017 for six counts of sexual abuse in

the first degree and ten counts of sodomy in the first degree. Due to the age of the

victim, the sexual abuse charges were Class C felonies under Kentucky Revised

Statute (KRS) 510.110(2) and the sodomy charges were Class A felonies under KRS 510.070(2). Thus, the Class C sexual abuse charges had a penalty range of five to ten years' imprisonment and the Class A sodomy charges had a penalty range of twenty to fifty years' imprisonment, or life imprisonment. *See* KRS 532.060(2).

In September 2017, Castle and the Commonwealth entered into a plea agreement, under which the Commonwealth agreed to amend four of the six sexual abuse charges and all of the sodomy charges, thereby converting four of the sexual abuse charges to Class D felonies and all of the sodomy charges to Class B felonies. Consequently, the penalty range for the amended sexual abuse charges was lowered to one to five years' imprisonment and the penalty range for the sodomy charges was lowered to ten to twenty years' imprisonment. *See id.* The agreement called for Castle to receive five years' imprisonment on each of the sexual abuse charges[1] and twenty years' imprisonment on the sodomy charges, all to run concurrently for a total of twenty years' imprisonment. In December 2017, the trial court sentenced Castle in accordance with the plea agreement.

In 2020, Castle sought post-conviction relief under RCr 11.42. Though he raised other grounds, the only one pertinent to this appeal is Castle's

---

[1] Under KRS 532.060(2), five years' imprisonment is an authorized sentence for both Class C and Class D felonies, being the minimum penalty for the former and the maximum penalty for the latter.

claim that his counsel was ineffective for failing to inform Castle of a plea offer the Commonwealth had submitted to Castle's counsel in February 2017. Under that first plea offer, Castle would have received seven years' imprisonment for the sexual abuse charges and fifteen years' imprisonment for the sodomy charges, to run concurrently for a total sentence of fifteen years' imprisonment. However, as written, that plea offer was problematic because it did not amend any of the charges. Thus, though seven years' imprisonment was a permissible penalty range for the Class C felony sexual abuse charges, fifteen years' imprisonment was below the statutory penalty range for the Class A felony sodomy charges under KRS 532.060(2)(a).

The trial court held an evidentiary hearing on Castle's RCr 11.42 motion in June 2021, at which Castle was represented by appointed counsel. Castle testified that he would have accepted the first, fifteen-years-to-serve plea offer, but his prior counsel had never informed him of its existence. Castle's former counsel then somewhat tentatively testified that he did not believe that he had related the first plea offer to Castle because it called for an invalid sentence.

Soon after the hearing, the Johnson Circuit Court issued an order denying Castle's RCr 11.42 motion. The order found that Castle had not been informed of the first plea offer but, without citing any authority, concluded Castle was not entitled to relief because "the offer was invalid on its face. Conveying that

-3-

offer to [Castle] would have done nothing other than create confusion, since it was obviously an offer that could never have been brought to fruition." Castle then filed this appeal.[2]

The general standards of review for RCr 11.42 motions based upon allegations of ineffective assistance of counsel are familiar:

> As a reviewing court, on this RCr 11.42 appeal, we must defer to the findings of fact and determinations of witness credibility made by the trial judge. Thus, unless the trial court's findings of fact are clearly erroneous, those findings must stand.
>
> . . . .
>
> The standard by which we measure ineffective assistance of counsel is found in *Strickland v. Washington*[, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. A claim of ineffective assistance of counsel requires a showing that counsel's performance fell below an objective standard of reasonableness, and was so prejudicial that the defendant has been deprived of a fair trial and reasonable result. Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won.

*Commonwealth v. Bussell*, 226 S.W.3d 96, 99-103 (Ky. 2007) (internal quotation marks, footnotes, and citations omitted).

---

[2] We have considered all of the parties' sundry arguments but will discuss only those we deem necessary; the remainder are irrelevant or otherwise without merit.

The United States Supreme Court has issued an opinion addressing this specific issue:

> [W]here a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused him to miss out on a more favorable earlier plea offer, *Strickland*'s inquiry into whether "the result of the proceeding would have been different," 466 U.S., at 694, 104 S. Ct. 2052, requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed.
>
> In order to complete a showing of *Strickland* prejudice, defendants who have shown a reasonable probability they would have accepted the earlier plea offer must also show that, if the prosecution had the discretion to cancel it or if the trial court had the discretion to refuse to accept it, there is a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented.

*Missouri v. Frye*, 566 U.S. 134, 148, 132 S. Ct. 1399, 1410, 182 L. Ed. 2d 379 (2012). Thus, to demonstrate prejudice, Castle must first show that he would have accepted the earlier plea offer and then that the Commonwealth and trial court would have allowed the plea offer to have been implemented.

We may first quickly dispose of the deficient performance prong of the *Strickland* test. The trial court found that Castle's former counsel had failed to convey the initial plea offer to Castle. That finding is supported by the testimony at the RCr 11.42 hearing, and so it is not clearly erroneous. Failing to inform a

-5-

client of a plea offer generally constitutes deficient performance, and we discern no reason(s) why this case falls outside that accepted norm. *Frye*, 566 U.S. at 145, 132 S. Ct. at 1408 ("This Court now holds that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. . . ."). Thus, Castle has shown that his attorney performed deficiently. "Under *Strickland,* the question then becomes what, if any, prejudice resulted from the breach of duty." *Id.* at 147, 132 S. Ct. at 1409.

To show prejudice, Castle must first demonstrate "a reasonable probability" that he would have accepted the earlier plea offer, had counsel informed him of it. *Id.* Castle has also met that burden. He testified at the RCr 11.42 hearing that he would have accepted the fifteen-year offer. That testimony, though clearly self-serving, is buttressed by fundamental logic. After all, since he accepted a plea offer which required him to serve twenty years, common sense dictates that Castle would have accepted a plea offer which would have required him to serve just fifteen years.

But Castle's motion fails on the second prong of the *Frye* prejudice standard. That prong requires him to "demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it . . . ." *Id.* In other words, if Castle "fails to show a reasonable

probability the prosecutor would have adhered to the agreement" or "a reasonable probability the trial court would have accepted the plea, there is no *Strickland* prejudice." *Id.* at 151, 132 S. Ct. at 1411.

There is no dispute that the Commonwealth Attorney had signed the plea offer in question. Nonetheless, the Commonwealth argues on appeal that it would have later withdrawn the offer because it contained an improper sentencing recommendation. Perhaps, but we need not explore that issue further because Castle has not shown a reasonable probability that the trial court would have accepted, and implemented, the agreement.

In Kentucky, courts are not required to accept all plea agreements entered into between the Commonwealth and a criminal defendant. To the contrary, "[g]enerally, the trial courts of the Commonwealth have the discretion either to accept or to reject plea agreements." *Chapman v. Commonwealth*, 265 S.W.3d 156, 177 (Ky. 2007). And a trial court should reject a plea agreement which calls for an improper sentence:

> Before accepting any plea agreement, a trial court must assure itself that the agreement is legally permissible and represents an appropriate resolution and punishment for the crime(s) to which the defendant seeks to plead guilty. Thus, a trial court abuses its discretion by automatically accepting or rejecting a guilty plea without first making the particularized and case-specific determinations that the plea is legally permissible and, considering all the underlying facts and circumstances, appropriate for the

offense(s) in question.

*Id.*

A sentence which falls outside the statutory penalty range is not legally permissible. In fact, "[w]hether recommended by an errant jury or by the parties through a plea agreement, a sentence that is outside the limits established by the statutes is still an illegal sentence. Furthermore, an illegal sentence cannot stand uncorrected." *Phon v. Commonwealth*, 545 S.W.3d 284, 302 (Ky. 2018) (internal quotation marks and citation omitted). Our Supreme Court has forcefully commanded trial courts to reject plea agreements containing illegal sentences: "imposition of an illegal sentence is inherently an abuse of discretion. Our courts must not be complicit in the violation of the public policy embedded in our sentencing statutes by turning a blind eye to an unlawful sentence, regardless of a defendant's consent." *Id.* (internal quotation marks and citation omitted). Because "[a] defendant has no entitlement to the luck of a lawless decisionmaker," when assessing the prejudice prong, we must assume "that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision." *Strickland*, 466 U.S. at 695, 104 S. Ct. at 2068.

Thus, we must presume that the trial court would have conscientiously applied the law when determining whether to accept the fifteen-year plea offer. Castle posits that the trial court would have accepted an offer which amended the

Class A felony charges to Class B felonies.  Castle's argument is, basically, that the trial court would have accepted a plea agreement recommending proper sentences for the charges.  Perhaps so, but the question is not whether the trial court would have accepted a hypothetically proper offer; the question is whether there is a reasonable probability that the trial court would have accepted *this particular* offer, which called for a fifteen-year sentence for Class A felony charges.  The impropriety of the plea offer here distinguishes this case from those cited by Castle.

Because a fifteen-year sentence for Class A felonies would be patently illegal, a conscientious trial court - which we must presume the trial court here to have been - could not have accepted and implemented the plea.  In short, even if the Commonwealth had not withdrawn the agreement, the trial court could not have accepted it.  Thus, though our analysis is not precisely the same, we affirm the trial court's basic conclusion that Castle is not entitled to RCr 11.42 relief.[3]

---

[3] Our decision aligns with those of other courts, from both before and after *Frye*, which have held that a movant cannot show prejudice stemming from counsel's failure to inform the movant of a plea offer which contained an improper sentence.  We readily acknowledge, of course, that each cited case has its own distinguishable, unique facts and procedural history, but merely cite them as being fundamentally in harmony with our decision herein.  *See, e.g.*, *Rodriguez v. Lee*, No. 10-cv-0396-VB-GAY, 2013 WL 3945968, at *4 (S.D.N.Y. Aug. 1, 2013), *report and recommendation adopted by Rodriguez v. Lee*, No. 10-cv-0396-VB, 2013 WL 6410766 (S.D.N.Y. Dec. 9, 2013) ("The undersigned agrees:  petitioner cannot show that he was prejudiced by trial counsel's error because state law prohibited the trial court from sentencing petitioner in accordance with the plea deal trial counsel allegedly failed to communicate. . . . Thus, plaintiff suffered no prejudice as a result of defense counsel's failure to communicate an unauthorized, unenforceable plea offer."); *Florida v. Davis*, 932 So.2d 1246, 1247 (Fla. Dist. Ct. App. 2006), *review denied by Davis v. Florida*, 944 So.2d 986 (Table) (Fla. 2006) ("Because we

For the foregoing reasons, the Johnson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Phillip West
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky

---

find that the court's proposed plea offer included a sentence which could not have been lawfully imposed, even if accepted, we conclude that counsel's failure to communicate said offer cannot form a basis for relief . . . ."); *Illinois v. Johnson*, 2014 IL App (4th) 120919-U, 2014 WL 1159834, at *7 (Mar. 20, 2014), *appeal denied by Illinois v. Johnson*, 20 N.E.3d 1259 (Table), 386 Ill. 481 (Ill. Sep. 24, 2014) (citations omitted) ("Statutory law would have required the court to reject the plea offer of 30 years' imprisonment. Therefore, defendant has failed to demonstrate prejudice.").